Dr. Samuel B. EVANS,
Plaintiff-Appellant,

v.

Nancy PERKEY and Gary Perkey,
Defendants-Appellants,

and

Willey and Willey, Attorneys, Lorrie Willey and D.T. Willey, Individually,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Sept. 8, 1982.

Permission to Appeal Denied by
Supreme Court Dec. 13, 1982.

Jonathan H. Burnett and Roy L. Aaron, of Hodges, Doughty & Carson and Paul D. Hogan, Jr., of Morton, Lewis, King & Krieg, Knoxville, for plaintiff-appellant Evans.

Rom Meares, of Meares & Meares, Maryville, Barry K. Maxwell and Donald F. Paine, of Egerton, McAfee, Armistead & Davis, Knoxville, for defendants-appellants Perkeys.

Charles Clifford, of Garner & Clifford, Maryville, for defendants-appellees Willeys.

## OPINION

SANDERS, Judge.

These appeals are from a judgment of the trial court sustaining motions for summary judgment to an original complaint and also a counter complaint.

This litigation has its genesis in a suit filed by the Defendants-Appellants, Nancy Perkey and Gary Perkey, against the Plaintiff-Appellant, Dr. Samuel B. Evans, and Blount Memorial Hospital, Inc., for medical malpractice. The suit was filed on October 11, 1979, in the Circuit Court of Blount County by Defendants-Appellees, attorneys Lorrie Willie and D.T. Willey, practicing law under the firm name of Willey and Willey. The original suit alleged Dr. Evans and Blount Memorial Hospital, Inc., were guilty of medical malpractice resulting in the death of Kelly Ann Perkey to whom Nancy Perkey gave premature birth on January 2, 1979.

On August 8, 1980, the Perkeys and Willey and Willey, Attorneys, filed a notice of voluntary nonsuit in accordance with Rule 41.01 of Tennessee Rules of Civil Procedure. On August 29, 1980, an order was entered

by the court dismissing the suit without prejudice.

On August 12, 1980, Dr. Evans filed suit in the circuit court against Mr. and Mrs. Perkey and Lorrie and D.T. Willey for malicious prosecution and abuse of process. The complaint alleged the action was instituted with improper intent and without probable cause and there was improper use of process with improper intent.

The Defendants, Lorrie Willey and D.T. Willey, filed a motion for summary judgment alleging there was no genuine issue as to any material fact and filed a number of supporting affidavits. The Perkeys filed an answer denying the allegations of malicious intent or lack of probable cause. They also relied upon advice of counsel. They then filed a motion for summary judgment alleging there was no genuine issue of any material facts.

On August 31, 1981, Perkeys filed a complaint and counter complaint against Dr. Evans and Blount Memorial Hospital, Inc., alleging again medical malpractice resulting in the death of their daughter, Kelly Ann Perkey.

Dr. Evans and Blount Memorial Hospital, Inc., each filed a motion for summary judgment. They each alleged the cause of action was barred by the statute of limitations in that the suit was brought more than one year after the alleged wrongful act as provided in T.C.A. § 29–16–116. They also alleged the suit was brought more than one year after the taking of the nonsuit and does not come within the savings statute of T.C.A. § 28–1–105. Dr. Evans, in his motion, also said Mr. and Mrs. Perkey failed to request or obtain leave of the court to set up or assert a counter claim as required by Rule 13.06, T.R.C.P. The hospital, in its motion, said also it is a governmental entity as defined in T.C.A. § 29–20–102 and it was not given written notice as required by T.C.A. § 29–20–301. It also relied upon T.C.A. § 29–20–305. It said the Counter Plaintiffs failed to apply for or obtain leave of the court to set up a counter claim by amendment as required by Rule 13.06, T.R.C.P. It also asserted the

Cross Complainants are not entitled to make it a party to the cross complaint under the provisions of Rule 7.01 or 14.01, T.R.C.P. The case does not stand for a jury trial as to it under T.C.A. § 29–20–307 and the limit of its liability under T.C.A. § 29–20–311 and 29–20–403 is $20,000.

Extensive pretrial depositions were taken and the court, upon consideration of the entire record, found the "complaint and cross complaint" was barred by the one-year statute of limitations as set out in T.C.A. § 29–26–116 and 28–3–104. He also found the suit was not refiled in accordance with the requirements of T.C.A. § 28–1–105. Upon making this finding the court stated he found it unnecessary to rule on the remaining grounds of the motions by Dr. Evans and the hospital to dismiss and sustained the motion for summary judgment.

The Perkeys then moved orally to withdraw their motion for summary judgment and set up their action against Dr. Evans as a counter claim in accordance with Rule 13.06, T.R.C.P., but this motion was overruled. The court also sustained a motion for summary judgment as to Lorrie Willey and Dolores T. Willey and dismissed the suit as to them. Dr. Evans took a nonsuit as to the Perkeys, leaving nothing pending for determination by the court.

Mr. and Mrs. Perkey have appealed from the action of the court in dismissing their complaint and counter complaint and Dr. Evans has appealed from the action of the court in sustaining the motion for summary judgment in favor of Lorrie and Dolores T. Willey. Mr. and Mrs. Perkey have presented the following issues for review:

"I. What act or event designates the date of commencement for the one year period prescribed by the Tennessee Savings Statute, *T.C.A.* § 28–1–105?

"II. Should the trial court have allowed the plaintiffs' motion to set up their claim as an omitted counterclaim, pursuant to Rule 13.06 and Rule 15.01, *Tennessee Rules of Civil Procedure*?"

The real question for determination on the first issue is whether the one-year statute of limitations for reinstituting a suit under the savings clause of T.C.A. § 28–1–105 starts from the day notice is given under Rule 41.01, T.R.C.P., that a nonsuit is taken or the day when an order of the court is entered dismissing the suit without prejudice. Rule 41.01 of Tennessee Rules of Civil Procedure provides:

"VOLUNTARY DISMISSAL—EFFECT THEREOF.—

(1) Subject to the provisions of Rule 23.03 or Rule 66 and of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff."

On August 8, 1980, the Perkeys and their attorneys filed the following notice:

"NOTICE OF VOLUNTARY NONSUIT

"The Plaintiff's do hereby notify the defendants in this cause that they are exercising their right to take a voluntary non-suit in accordance with the *Tennessee Rules of Civil Procedure* Rule 41.01 and that as of this date the action is dismissed.

"This 8th day of August, 1980.
/s/ "Nancy Perkey
NANCY PERKEY
/s/ "Gary Perkey
GARY PERKEY
/s/ "Willey & Willey
Willey & Willey, Attorneys
for Plaintiffs"

On August 29 the following order was entered by the court:

"ORDER

"In this cause came the Plaintiffs, by and through their attorneys, and filed a notice of non-suit in the above styled cause on the 8th day of August in accordance with Rule 41.01, *Tennessee Rules of Civil Procedure.*

"THEREFORE, IT IS ORDERED that this cause be dismissed without prejudice to the Plaintiffs and that the costs of this cause be taxed to the Plaintiffs for which execution may issue if necessary, the Plaintiffs reside at Route 2, Grey Ridge Road, Maryville, Tennessee.

"This ___29___ day of ___Aug.___, 1980.

E
N
T
E
R: /s/ J. H. Jarvis
JUDGE"

T.C.A. § 28–1–105 provides:

"NEW ACTION AFTER ADVERSE DECISION.—

If the action is commenced within the time limited by a rule or statute of limitations, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

The complaint and counter complaint was filed on Monday, August 31, 1981, which is considerably more than one year after the filing of the original notice of nonsuit on August 8, 1980, and two days beyond a year from the filing of the order entered August 29. However, August 29, 1981, fell on Saturday. Rule 6.01, T.R.C.P., provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to

be included unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday."

The end result is that the complaint was filed within one year, as extended, from the entry of the court order.

Both the right to take a nonsuit without prejudice and the right to refile the suit within one year from the dismissal have been provided for in our statutes in this jurisdiction for more than a century. However, prior to the adoption of the Tennessee Rules of Civil Procedure the matter of taking a nonsuit as a matter of right was not uniform between the circuit and chancery courts. It is clear from the committee's comments that the purpose in adopting Rule 41.01 was to liberalize the rule in chancery cases and to make the rule uniform between chancery and circuit courts. Prior to the adoption of Rule 41.01 our courts uniformly held that the one-year time period allowed under T.C.A. § 28–1–105 ran from the time the judgment or decree was rendered. These cases are so numerous and varied we do not deem citations supportive of this holding either necessary or appropriate. As we now read Rule 41.01 and T.C.A. § 28–1–105 together, we find no conflict between the two nor do we read anything in either of them which would mandate a change from precedent procedure. Prior to the adoption of Rule 58, T.R.C.P., there was confusion in some areas as to when a judgment or decree was considered to be effective. The committee comments under Rule 58 state, "This rule is designed to make uniform across the state the procedure for entry of judgments and to make certain the effective date of the judgment." As pertinent here the rule provides the entry of a judgment shall be when it is signed by the judge and filed with the clerk. The effective date of a judgment shall be the date of filing.

Dr. Evans and the hospital rely strongly upon the case of *Rickets v. Sexton*, Tenn., 533 S.W.2d 293 (1976) as supportive of their insistence that the one-year statute begins to run from the giving of written notice of nonsuit rather than the date of judgment. They say the following pronouncement of the court mandates such a holding:

"The rule specifies that a plaintiff 'shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause'. This portion of the rule is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action of plaintiff's counsel by signing any order; nor may he nullify the rules by an order 'disallowing' the nonsuit. All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal.

"In this case plaintiffs' counsel, 'guilded the lily' by filing a pleading captioned 'motion for voluntary dismissal' which was actually in the form of an order tendered for the signature of the Chancellor. It bore the signature of plaintiffs' then counsel of record. This hybrid document was filed one day *before* the trial date. We hold that it was substantial compliance with the rules and constituted a 'written notice of dismissal.'

"While plaintiff is master of his suit and may dismiss at his pleasure before trial, and without the concurrence of the trial judge, better practice would demand a *pro forma* order, filed after plaintiff's nonsuit, to the end that the dismissal may be reflected upon the minutes of the court."

While we find the Appellants' argument is persuasive, we do not find the *Rickets* case to be controlling in the case at bar. At first blush the reading of the third sentence quoted above would indicate that nothing more than the written notice is necessary to finalize the case. However, this statement of the court is dicta and not necessarily pertinent to the *Rickets* case or to the case at bar. In *Rickets* the court was concerned

with the right of a party to take a voluntary nonsuit and the lack of the power of the court to deprive him of that right. We construe the *Rickets* court to be saying that the plaintiff in that case had done all that was required to be done when he gave written notice of his intention to take a nonsuit. It was not necessary for the court to grant permission or enter an order permitting it to be done. However, we do not find the court to be saying that a judgment or decree need not be entered for final adjudication of a case.

"It is a maxim not to be disregarded that general expressions, in every opinion are to be taken in connection with the case in which those expressions are used." *National Life & Accident Ins. Co. v. Eddings,* 188 Tenn. 512, 523, 221 S.W.2d 695; *Prince v. Prince,* 205 Tenn. 451, 455, 326 S.W.2d 908.

Both the Appellants and the Appellees rely upon the cases of *Snell v. Leffew,* Tenn.App., 558 S.W.2d 849 (1977) and *Cantrell v. Humana of Tennessee, Inc.,* Tenn. App., 617 S.W.2d 901 (1981) as supportive of their positions. We fail to find either of them controlling here. They, in effect, hold that where an oral statement was made prior to trial that a nonsuit would be taken and no written notice was given as required by the rule, the effective date of the nonsuit for the running of the statute was the day on which the order was entered dismissing the suit. It will be observed that Rule 41.01 provides for filing a written notice if a nonsuit is to be taken at any time before trial. It also provides it may be taken by oral notice during the trial. All rights and privileges of the parties are the same whether the notice be oral or written. We do not perceive that the written notice has any greater dignity before the court or that either stands in a different posture. Can it be said that an oral statement during the trial of the case that a nonsuit is taken constitutes a "judgment or decree . . . rendered against the plaintiff upon . . . grounds not concluding his right of action . . ." as provided in T.C.A. § 28–1–105? We think the question answers itself. It is a well-established principle of law in this jurisdiction that:

"A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered. *Mass. Mut. Life Ins. Co. v. Taylor Imp. & Veh. Co.,* 138 Tenn. 28, 195 S.W. 762 (1917); *Broadway Motor Co. v. Public Fire Ins. Co.,* 12 Tenn.App. 278 (1930)." *Sparkle Laundry & Cleaners, Inc. v. Kelton,* Tenn.App., 595 S.W.2d 88 *id.* at 93.

We conclude the one-year statute of limitations ran from the date of the entry of the order of the court and not from the date of filing the notice of nonsuit.

In view of our holding on Appellants' first issue, the second issue is pretermitted.

■ This brings us to consideration of the insistence of Dr. Evans that the court was in error in sustaining the motion for summary judgment as to Lorrie Willey and D.T. Willey. While the majority of reported cases for malicious prosecution in this jurisdiction involve the prosecution for a criminal offense, it is a well-recognized rule in this state that such suit may be maintained for actions brought in civil cases as well. *Buda v. Cassel Bros., Inc.,* Tenn.App., 568 S.W.2d 628 (1978) and cases cited therein.

The Plaintiff premised his complaint on two separate actions for alleged misuse of legal process by the Defendants—abuse of process and malicious prosecution.

■ "An action for abuse of process lies for the use of legal process to obtain a result it was not intended to effect, for wrongful purposes." "Malicious prosecution, or the malicious use of process, is the employment of legal process for its obstensible purpose, but without probable cause." *Donaldson v. Donaldson,* Tenn., 557 S.W.2d 60 (1977) *Id.* 62. To make out a claim of malicious prosecution a plaintiff must show that the defendant, with malice, instituted legal proceedings against him without probable cause, and the proceedings terminated in his favor. 557 S.W.2d 60, *id.* at 62.

"As a general rule an attorney is not liable to an action for malicious prosecution where he has acted in good faith in the prosecution of his client's rights. . . .

"On the other hand, an attorney who knowingly prosecutes a groundless action to accomplish some evil purpose of his client may be held accountable in an action for malicious prosecution." 54 C.J.S., Malicious Prosecution, Sec. 66, p. 1034.

The affidavits filed by the Willeys in support of their motion for summary judgment show that before bringing suit they consulted with their clients some five hours. They examined the hospital and medical records of both Mrs. Perkey and her deceased daughter. They read books to acquaint themselves with medical procedures in obstetrics and how to proceed in medical malpractice cases. They interviewed one witness who was in the labor room with Mrs. Perkey before she was transferred to the delivery room. They were unaware of any malicious intent of Mr. and Mrs. Perkey toward Dr. Evans and they personally had none. They filed a thorough and artfully drawn complaint on behalf of their clients which alleged a cause of action. The pretrial deposition of Mrs. Perkey substantiates the allegations of the complaint. In Dr. Evans' pretrial deposition he admitted that had he been guilty of the wrongful acts alleged in the complaint it would have constituted medical malpractice. There was no showing by counter affidavits or depositions that the complaint filed by the Willeys on behalf of their clients was filed out of malice or without probable cause. We think the following question and answer in Dr. Evans' pretrial deposition characterizes his contention:

"Q. I take it, Doctor, simply put, your complaint against the Perkey's and the Willey's is because you say what Mrs. Perkey has been saying in the previous lawsuit simply isn't true?

"A. Yes."

◼ In malicious prosecution cases the question of probable cause is one for the court and not the jury. In the case of *Cohen v. Cook,* 224 Tenn. 729, 462 S.W.2d 499, our Supreme Court addressed this question and, speaking through Chief Justice Dyer, said:

"In a malicious prosecution action the determination from the evidence of the existence or lack of existence of probable cause is a question of law for the court and it is error to submit this issue to the jury. In cases where the evidence upon which this issue is to be determined is admitted or undisputed and only one inference can be drawn therefrom the matter presents no great difficulty for the trial judge. In cases where the evidence on this issue is conflicting, such does present to the trial judge a difficult duty as it involves instructing juries on a mixed question of law and fact; but difficult or not, where the evidence is conflicting on this issue it still remains the province of the trial judge as a matter of law to determine the existence or lack of existence of probable cause."

◼ Under the proof and the law applicable to the case we find no error in the trial court's sustaining the motion for summary judgment as to Lorrie and D.T. Willey.

The judgment of the trial court in dismissing the complaint and counter complaint on the grounds it was barred by the statute of limitations is reversed. Insofar as it sustained the motion for summary judgment it is affirmed. The case is remanded to the trial court for a determination of the remaining issues raised on the respective motions for summary judgment pretermitted by him and a proper disposition of the case in keeping with this opinion.

The cost of this appeal is taxed to Dr. Evans and Blount Memorial Hospital, Inc.

PARROTT, P.J., and FRANKS, J., concur.