## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

RONALD LEWIS MAYNORD and )
BRENDA GAIL MAYNORD, )
INDIVIDUALLY, AS NEXT OF KIN )
OF AMY MAYNORD, DECEASED, )
AND IN THEIR REPRESENTATIVE )
CAPACITY AS CO-ADMINISTRATORS)
OF THE ESTATE OF AMY MAYNORD, )
)
       Plaintiffs/Appellees, ) Overton Circuit No. 3038
)
VS. ) Appeal No. 01A01-9704-CV-00179
)
LARRY NORRIS and JOYCE ANN )
NORRIS, JOINTLY AND )
INDIVIDUALLY, and d/b/a LARRY'S )
FULL SERVICE, )
)
       Defendants/Appellants. )

**FILED**

December 12, 1997

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF OVERTON COUNTY
AT LIVINGSTON, TENNESSEE
THE HONORABLE JOHN MADDUX, JUDGE

**JON E. JONES**
**LAW OFFICE OF JON E. JONES**
Cookeville, Tennessee
Attorney for Appellants

**ONNIE L. WINEBARGER**
Byrdstown, Tennessee
Attorney for Appellees

**JOHN HUBERT LITTLE**
Livingston, Tennessee
Attorney for Appellees

**DISMISSED AND REMANDED**

                                        **ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HEWITT P. TOMLIN, Sr. J.**

Defendants Larry Norris and Joyce Ann Norris appeal from the notice of voluntary dismissal filed by Plaintiffs/Appellees Ronald Lewis Maynord and Brenda Gail Maynord. We dismiss this appeal based on the Norrises' concession that no final judgment has yet been entered by the trial court from which the Norrises can appeal.

The Maynords, individually and as co-administrators of the estate of their daughter, Amy Maynord, filed this action against the Norrises seeking damages for injuries received by Amy in an April 1994 vehicle accident. The Maynords' theory of liability was that the Norrises, doing business as Larry's Full Service, sold beer to Amy, who was under the age of twenty-one (21) years, and that such sale proximately caused Amy's injuries. See T.C.A. §§ 57-5-301, 57-10-102 (1989 & Supp. 1991).

At trial, the Norrises timely moved for a directed verdict on the issue of their liability for Amy's injuries in the April 1994 accident, which motion was denied by the trial court.[1] See T.R.C.P. 50.01. At the trial's conclusion, the jury announced that it was unable to reach a verdict. Consequently, the trial court declared a mistrial and discharged the jury. After the trial court entered its judgment reflecting these rulings, the Norrises filed a motion for judgment in accordance with their previous motion for a directed verdict as permitted by rule 50.02 of the Tennessee Rules of Civil Procedure. See T.R.C.P. 50.02.[2]

---

[1]The Maynords also sued the Norrises for Amy's wrongful death in a subsequent vehicle accident which occurred in September 1994. The trial court granted the Norrises' motion for directed verdict as to the Maynords' claims arising from the September 1994 accident.

[2]As pertinent, rule 50.02 provides that:

> Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within thirty (30) days after the entry of judgment a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict; or if a verdict was not returned, such party, within thirty (30) days after the jury has been discharged, may move for a judgment in accordance with such party's motion for a directed verdict. . . .

T.R.C.P. 50.02.

Before the trial court entered an order ruling on the Norrises' post-trial motion, the Maynords filed a notice of voluntary dismissal pursuant to rule 41.01. See T.R.C.P. 41.01.[3] The Norrises then filed notice of this appeal, which purported to appeal "from the entry of a voluntary dismissal entered by the Circuit Court for Overton County, . . . after a mistrial was declared, but prior to any ruling by the Trial Court relative to post-trial motions." The notice of voluntary dismissal was not signed by the trial court.

At the oral argument held in this matter, the Norrises properly conceded that their appeal is premature because the trial court has not yet ruled on their post-trial motion. When a party timely files a post-trial motion pursuant to rule 50.02, the time for taking an appeal does not begin to run until the trial court enters an order granting or denying such motion. Evans v. Wilson, 776 S.W.2d 939, 941-42 (Tenn. 1989); T.R.A.P. 4(b).[4] Inasmuch as the trial court has not ruled on the Norrises' post-trial motion for a directed verdict, the Norrises presently cannot pursue this appeal.

While conceding that their appeal is premature, the Norrises explained that, as a precautionary measure, they filed their notice of appeal within thirty days of the Maynords' notice of voluntary dismissal in light of the supreme court's decision in Rickets v. Sexton, 533 S.W.2d 293 (Tenn. 1976). There, the supreme court stated that:

> [Rule 41.01] specifies that a plaintiff "shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause". This portion of [rule 41.01] is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that [the

---

[3]As pertinent, rule 41.01 provides that:

> Subject to the provisions of Rule 23.05 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, . . . ; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. . . .

T.R.C.P. 41.01(1).

[4]This rule also applies to motions filed pursuant to rules 52.02, 54.04(2), 59.02, and 59.04. See T.R.A.P. 4(b).

trial judge] approve the action of plaintiff's counsel by signing any order; nor may [the trial judge] nullify the rules by an order "disallowing" the nonsuit. All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions [specified in rule 41.01], is the filing of a written notice of dismissal.

Rickets v. Sexton, 533 S.W.2d at 294.

We do not construe the foregoing language to mean that a notice of voluntary dismissal filed by a plaintiff constitutes a final, appealable order. A trial court speaks only through its written orders which have been properly entered in accordance with the Tennessee Rules of Civil Procedure. Ladd ex rel. Ladd v. Honda Motor Co., 939 S.W.2d 83, 104 (Tenn. App. 1996); Evans v. Perkey, 647 S.W.2d 636, 641 (Tenn. App. 1982); T.R.C.P. 58. Rule 3 of the Tennessee Rules of Appellate Procedure permits appeals as of right in civil actions only from final judgments which have been entered by the trial court. See T.R.A.P. 3(a). Here, the notice of voluntary dismissal was filed by the Maynords, but the notice neither was signed by the trial court nor purported to be an order of the trial court dismissing the action. Cf. Rickets v. Sexton, 533 S.W.2d at 294 (wherein plaintiffs filed pleading captioned "motion for voluntary dismissal" which was actually in form of order tendered for trial court's signature).

Moreover, in construing the Rickets decision, this court previously has held that, although a plaintiff has a right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal, such notice does not constitute an order or judgment which finally adjudicates the case. Evans v. Perkey, 647 S.W.2d 636 (Tenn. App. 1982). In Evans v. Perkey, this court explained:

> We construe the Rickets court to be saying that the plaintiff in that case had done all that was required to be done when he gave written notice of his intention to take a nonsuit. It was not necessary for the [trial] court to grant permission or enter an order permitting it to be done. However, we do not find the [supreme] court to be saying that a judgment or decree need not be entered [by the trial court] for final adjudication of a case.

Evans v. Perkey, 647 S.W.2d at 641; accord Lillard v. Pinckley, No. 01A01-9506-CV-00268, 1995 WL 656886, at *3 n.5 (Tenn. App. Nov. 9, 1995) (citing

4

Evans v. Perkey for the proposition that "the savings statute begins to run from the date of the entry of the order dismissing the suit without prejudice, not from the date of the filing of the notice" of voluntary dismissal); Wynne v. Bikas, 1993 WL 127050, at *2 (Tenn. App. Apr. 23, 1993) (citing Evans v. Perkey for the proposition that "a dismissal pursuant to voluntary nonsuits is effective on the date of entry of the order of dismissal and not from the date of filing the notice of nonsuit").[5]

The Norrises' appeal is hereby dismissed without prejudice, and this cause is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the Norrises, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
TOMLIN, Sr. J.

---

[5]But see Parker v. Vanderbilt Univ., 767 S.W.2d 412, 422 n.3 (Tenn. App. 1988) (wherein the court, without mentioning Evans v. Perkey, construed Rickets to mean that "[i]t is the date of the filing of the written notice of voluntary dismissal, not the entry of the confirmatory order, that triggers the commencement of the time within which a [rule] 59 motion or notice of appeal must be filed").