IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

February 24, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-02445-COA-R3-CV

| | | |
|---|---|---|
| BUFORD KNIGHT and wife, ANNABELLE KNIGHT, | ) | C/A NO. 03A01-9905-CV-00169 |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | GREENE COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| GREENE COUNTY, TENNESSEE, and | ) | |
| ALAN D. BROYLES, in his | ) | |
| capacity as County Executive | ) | |
| of Greene County, Tennessee, | ) | |
| | ) | HONORABLE JOHN K. WILSON, |
| Defendants-Appellees. | ) | JUDGE |

For Appellants                           For Appellees

WILLIAMS E. PHILLIPS                      JEFFREY M. WARD
Phillips & Hale                          DANIEL D. COUGHLIN
Rogersville, Tennessee                   Milligan & Coleman
                                         Greeneville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This is an inverse condemnation action brought by Buford Knight and Annabelle Knight against Greene County and Alan D. Broyles, County Executive of Greene County (collectively "the County"). The trial court granted the County summary judgment, finding that the plaintiffs' action was barred by the statute of limitations.[1] The plaintiffs appeal, arguing that the trial court erred in granting summary judgment because their cause of action was filed pursuant to the savings statute, T.C.A. § 28-1-105,[2] and thus is not barred by the statute of limitations.

I.

The facts pertinent to the issue before us are not in dispute. In June, 1994, the County began construction of a road on the subject property. The plaintiffs sued the County for trespass on August 19, 1994, claiming that the road on which the County was working was a private road that belonged to them. The plaintiffs sought damages and injunctive relief. The County answered by asserting that the plaintiffs had granted the County

---

[1]The applicable statute of limitations is found at T.C.A. § 29-16-124 (1980), which provides as follows:

> The owners of land shall, in such cases, commence proceedings within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.

[2]T.C.A. § 28-1-105(a) (Supp. 1999) provides, in pertinent part, as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

2

an easement to use and maintain the road as a county road. Following a bench trial, the trial court found that the disputed roadway "is wholly upon the property of the plaintiffs and is a private road." However, the trial court dismissed the trespass claim, holding that the plaintiffs' sole recourse was a suit for inverse condemnation. The trial court's judgment was entered on June 30, 1995. On July 27, 1995, the County filed a motion to reconsider. The trial court denied this motion by order entered December 21, 1995. The plaintiffs filed the present cause of action for inverse condemnation on January 6, 1997.

II.

We review the trial court's decision against the standard of Rule 56.04, Tenn.R.Civ.P., which provides, in pertinent part, as follows:

> the judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991); *Gonzales v. Alman Constr. Co.,* 857 S.W.2d 42, 44-45 (Tenn.Ct.App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997); *Hembree v. State,* 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in a light

3

most favorable to the nonmoving party, and we must draw all reasonable inferences in favor that party. **Byrd v. Hall,** 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed material facts entitle the party to a judgment as a matter of law. Rule 56.04, Tenn.R.Civ.P.; **Byrd,** 847 S.W.2d at 211.

III.

The parties agree that the County began constructing a public road on the plaintiffs' property in June, 1994. Pursuant to T.C.A. § 29-16-124, the plaintiffs had one year from the date the County began construction to file a claim for inverse condemnation. Thus, the statute of limitations for the plaintiffs' action expired in June, 1995. The plaintiffs did not file their complaint alleging inverse condemnation until January, 1997 -- well after the statute of limitations had expired. The plaintiffs argue, however, that their complaint is not time-barred because it was filed pursuant to the savings statute, T.C.A. § 28-1-105.

For the savings statute to apply to and save the plaintiffs' cause of action for inverse condemnation, their original cause of action must have been one for inverse condemnation and must have been filed within the original limitations period, *i.e.*, before a critical date in June, 1995. *See* **Bennett v. Town & Country Ford, Inc.,** 816 S.W.2d 52, 53-54 (Tenn.Ct.App. 1991). We find that this did not occur. In August, 1994, the plaintiffs filed a complaint seeking damages

4

against the County for *trespass*. An action in trespass confirms ownership of the subject property in the plaintiff; an action for inverse condemnation is based upon a taking and confirms ownership in the entity taking the property. Thus, assuming these causes of action are not alleged in the alternative, they are mutually exclusive. An action in trespass does not include within its ambit an action for inverse condemnation. In the instant case, the plaintiffs' complaint filed on August 19, 1994, does not allege inverse condemnation in the alternative or otherwise. Because the plaintiffs did not pursue an inverse condemnation action within the original limitations period, we find that the statute of limitations bars their claim and further, that the savings statute does not apply.

Even if the plaintiffs' complaint filed in 1994 could be construed as an action for inverse condemnation, and we have held that it cannot be so construed, we find that the complaint in the instant case is nevertheless barred. An action brought pursuant to the savings statute must be brought within one year of the termination of the original action. *Poppenheimer v. Bluff City Motor Homes,* 658 S.W.2d 106, 110 (Tenn.Ct.App. 1983); *Evans v. Perkey,* 647 S.W.2d 636, 640-41 (Tenn.Ct.App. 1982). Here, the order dismissing the plaintiffs' original complaint was entered June 30, 1995; thereafter, the County filed a motion to reconsider, which the trial court denied in an order entered December 21, 1995. Thus, the plaintiffs had one year from and after December 21, 1995, to refile their complaint. However, they did not file their complaint until January 6, 1997. Thus, even if the savings statute was available to the plaintiffs -- and we have held that it is not -- they failed to refile within the one year period afforded by the savings statute. We find no

5

authority to support the plaintiffs' contention that the one-year savings statute does not begin to run until the 30 days to file a notice of appeal has expired.  The critical date, for the purpose of the commencement of the running of the one-year savings statute is the date of entry of the judgment or order finally concluding the proceedings in the trial court.  In this case, that date was December 21, 1995.

We therefore find that the statute of limitations ran on plaintiffs' claim for inverse condemnation in June, 1995, and further, that the claim could not have been revived by operation of the savings statute.  The trial court's grant of summary judgment was correct.

IV.

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellants.  This case is remanded for collection of costs assessed below, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.