IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 30, 2002 Session

## LARRY E. PARRISH, et al. v. ROBERT S. MARQUIS, et al.

**Appeal from the Circuit Court for Knox County**
**No. 1-701-01   Dale C. Workman, Judge**

**FILED DECEMBER 30, 2002**

**No. E2002-01131-COA-R3-CV**

In this appeal from the Circuit Court for Knox County the Appellants, Larry E. Parrish and Larry E. Parrish, P.C., contend that the Trial Court erred in dismissing their cause of action upon grounds that it was not timely filed under T.C.A. 28-1-105(a). We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and GARY R. WADE, SP.J., joined.

John J. Mulrooney, Memphis, Tennessee, for the Appellants, Larry E. Parrish and Larry E. Parrish, P.C.

Deborah C. Stevens and Summer H. Stevens, Knoxville, Tennessee, for the Appellee, Ronald C. Koksal

Frank Q. Vettori, Knoxville, Tennessee, for the Appellee, Robert S. Marquis

**OPINION**

On July 15, 1997, the Appellants filed a cause of action for malicious prosecution against the Appellees, Robert S. Marquis and Ronald C. Koksal, in the Circuit Court for Shelby County. On May 14, 1999, that Court granted the Appellees' motions for summary judgment and entered its order dismissing the case with prejudice. Thereafter, Appellants appealed the dismissal to this Court.

As reflected in *Larry E. Parrish, et al. v. Robert s. Marquis, et al.,* an unreported opinion of this Court filed in Jackson on July 31, 2000, the Court of Appeals affirmed the judgment of the Shelby County Circuit Court dismissing the Appellants' case, although upon the alternative ground of improper venue, and remanded the cause to the Circuit Court "for further proceedings consistent

with this opinion." On November 27, 2000, in compliance with our opinion and judgment, the Circuit Court entered an order of dismissal without prejudice which provides as follows:

> This cause is before the Court upon remand from the Court of Appeals; and it appearing that by an Order entered December 2, 1997 this Court denied the motions of all defendants to dismiss pursuant to Tenn. R. Civ. P 12.02(3) for improper venue in the Shelby County Circuit Court; and it appearing that by an Order entered November 12, 1998 this Court granted the motions of all defendants for summary judgment pursuant to Tenn. R. Civ. P. 56 and dismissed the plaintiffs' malicious prosecution claim; and it appearing that by an Opinion and Judgment filed July 31, 2000 the Court of Appeals modified this Court's Order entered November 12, 1998 from a summary judgment dismissal to a dismissal for improper venue in the Shelby County Circuit Court, and, as modified, affirmed this Court's dismissal of plaintiff's malicious prosecution claim only on the alternative ground of improper venue; it is, therefore,
>
> ORDERED, ADJUDGED AND DECREED that:
>
> 1. The plaintiffs' malicious prosecution claim is hereby dismissed pursuant to Rule 12.02(3) for improper venue in the Shelby County Circuit Court;
>
> 2. This dismissal is without prejudice; and
>
> 3. The costs of this cause are taxed against plaintiffs.

On November 8, 2001, the Appellants filed a new action for malicious prosecution against the Appellees in the Circuit Court for Knox County. Thereafter, in April, 2002, the Court entered orders granting motions for summary judgment filed by the Appellees on grounds that the Appellants' new action was late filed under the savings statute set forth at T.C.A. 28-1-105(a) because it was filed over one year after the Court of Appeals entered its opinion and judgment of July 31, 2000.

The issue we address in this appeal is restated as follows:

Was the one year period allotted the Appellants for commencement of a new action under T.C.A. 28-1-105(a) properly computed from the date of the judgment of the Court of Appeals which affirmed, as modified, the Shelby County Circuit Court's original order of dismissal or should such one year period have been computed from the date of the Circuit Court's order of dismissal entered upon remand in compliance with the judgment of the Court of Appeals?

Other issues raised in this appeal are pretermitted by our conclusions set forth herein.

The standard governing our review of a trial court's decision to grant a motion for summary judgment is well settled. Because the trial court's judgment involves purely a question of law, it is not entitled to a presumption of correctness. See *Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn. 1995). Our sole task in reviewing such a judgment is to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. See *Mason v. Seaton,* 942 S.W.2d 470 (Tenn. 1997).

As stated by the Supreme Court of this State in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993) "Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The facts relevant to the issue now before us are not in dispute. It is, therefore, our duty to determine whether, as a matter of law, the Appellees are entitled to the judgment granted by the Trial Court.

The Appellants assert that, contrary to the conclusion of the Trial Court, their complaint was timely filed under the savings statute set forth at T.C.A. 28-1-105(a) which states in pertinent part as follows:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may from time to time, commence a new action within one (1) year after the reversal or arrest.

As we have noted on prior occasion, "[t]he purpose of the savings statute, Tennesse Code Annotated § 28-1-105(a), is to provide a diligent plaintiff with an opportunity to renew its suit if its complaint is dismissed by any judgment or decree that does not conclude its right of action". *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318 (Tenn. Ct. App. 1991). In the instant case the Appellants' original lawsuit filed in the Circuit Court for Shelby County was dismissed for improper venue and the Appellants were entitled to file a new action pursuant to T.C.A. 28-1-105(a). The Appellants contend that the Trial Court erred in calculating the one year limitation under the statute from the date of the Court of Appeals' judgment of July 31, 2000, which affirmed, as modified, the Circuit Court's order dismissing the Appellants' original action. They argue that their new action was timely filed on November 8, 2001, because the one year allowed for filing a new action did not begin to run until November 27, 2000, when the Shelby County Circuit Court entered its order of dismissal upon remand. The Appellants contend that the Court of Appeals' judgment entered on July 31, 2000, did not constitute final adjudication of the case because it did not include language providing for dismissal but, instead, ordered that the case be remanded for further action by the Circuit Court. The Appellants maintain that upon remand the Shelby County Circuit Court was reinvested with jurisdiction in the case and that until that court entered its judgment of dismissal on November 27, 2000, there was no final adjudication.

Although the Appellants assert that there are no Tennessee cases which specifically address the issue raised in this case, they offer two cases as being sufficiently analogous to support their position - *Evans v. Perky,* 647 S.W.2d 636 (Tenn. Ct. App.1982) and *Nashville, C. & St. L. Ry. v. Bolton*, 184 S.W. 9 (Tenn. 1916).

The Appellants argue that the *Evans* case "is persuasive authority that the one year allowed to file a new action under the savings statute commences on the date of the order that dismisses the case."

In *Evans* the issue before this Court was whether the one year allowed for filing a new action under T.C.A. 28-1-105(a) ran from the date that the plaintiffs filed notice of nonsuit or from the date the trial court entered its order approving the nonsuit. The defendants sought summary judgment, arguing that the filing of notice of nonsuit was sufficient to dismiss the plaintiffs' case and that no further action was required of the trial court to trigger the one year limitation period under the statute. We disagreed. We noted that T.R.C.P. 41 provides for nonsuit by either oral or written notice, that the parties' rights and privileges are the same whether the notice is oral or written and that there is no reason to distinguish between the two forms of notice with respect to the "dignity and posture" of each before the court. Citing several Tennessee cases, we then recognized the well established rule of law that "A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." In accordance with this rule, we concluded that the one year statute of limitations in *Evans* ran from the date of the entry of the trial court's order and not from the date the nonsuit was filed. We construe our decision in *Evans* to mean that, because an oral notice of nonsuit does not constitute "a judgment or decree" as is required under T.C.A. 28-1-105, neither will a written notice of nonsuit constitute such "a judgment or decree" there being no basis for distinguishing between the legal effect of the two forms of notice.

As does the case before us, *Evans* dealt with the proper computation of the one year time limitation under T.C.A. 28-1-105(a). However, *Evans* is distinguishable from the present case in that *Evans* involved the question of whether the judgment necessary to trigger the running of the one year limitation under the statute was the notice of nonsuit or the entered judgment of the court. The present matter involves the very different question of whether such "judgment or decree" was the judgment entered by this Court or the subsequent order of the Circuit Court entered in compliance with the judgment of this Court upon remand.

In the second of the two cases cited by the Appellants, *Nashville, C. & L. Ry. v. Bolton, supra,* a judgment in favor of the plaintiff was reversed on appeal and the case was remanded to the circuit court. The plaintiff then terminated the case by taking a voluntary nonsuit. Within one year of the nonsuit the plaintiff commenced her action anew in the circuit court of another county. The defendant asserted that the plaintiff should have commenced the new action within one year of the date of the appellate judgment of reversal rather than within one year of the nonsuit. Our Supreme

Court disagreed, holding that the one year to re-file the new action under the savings statute[1] should be computed from the date of the nonsuit. The Appellants argue that this case "is persuasive authority that the one year allowed by the savings statute to refile an action following a appellate decision and remand begins to run upon the date of termination of the action in the trial court following remand." We disagree.

We find a crucial distinction between the present matter and *Nashville C. & L, Ry.* in that the latter case involved a reversal which did not mandate dismissal of the plaintiff's cause of action in the trial court. Instead, the case was remanded to the trial court where the plaintiff had the choice of continuing prosecution of her case or taking a voluntary nonsuit. The Supreme Court found that such a reversal with remand was not the sort of reversal which would begin the one year limitation period for filing a new action under the saving statute and noted as follows at page 11:

> [T]he judgment itself must be one that brings to a rest or conclusion the action as then pitched and prosecuted, whether by dismissal, arrest, or reversal. A reversal with remand is not such a conclusion. It is but a temporary check in the progress of the same suit.

Although the Court states that reversal with remand is not the conclusion of a cause of action which is required under the savings statute, it is evident from the facts that the Court is not referring to a remand for dismissal, as in the present case, but rather to a remand which allows continuation of the same suit in the trial court from which it was appealed. The critical question is whether the judgment "brings to a rest or conclusion the action as then pitched or prosecuted" or does it merely effect "a temporary check in the progress of the same suit."

It is our determination that the judgment and opinion entered by this Court on July 31, 2000, concluded the Appellants' cause of action "as then pitched or prosecuted." Although our judgment did not specifically order dismissal of the Appellants' case, that was its necessary effect. Furthermore, the order of the Shelby County Circuit Court *did* specifically order dismissal of the Appellants' case and, upon affirmation of that order, the element of dismissal became an implicit part of our judgment. Although we did not agree with the grounds upon which the Circuit Court based its decision and affirmed on the alternate grounds of improper venue, nevertheless we did affirm the Circuit Court decision to the extent that it dismissed the Appellants' case. Upon such affirmation, the Appellants' case as then prosecuted was effectively terminated.

The Appellants' argument that our judgment was not a final adjudication because we remanded the case for further proceedings is without merit. The sole reason for remand specified in our judgment was so that the Trial Court could institute "further proceedings *consistent with our opinion.*" (emphasis added) Subsequent to our determination that the Trial Court was not the proper venue for the Appellants' case and that the case was properly dismissed, the Trial Court was without

---

[1]The savings statute under review by the Court in *Nashville, C. & St.L. Ry.* was then set forth at section 4446 of Shannon's Code. In all aspects pertinent to the present case it encompassed T.C.A. 28-1-105(a).

authority to take any action which would have allowed the Appellants to continue their case in that court. It is well settled that "inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process" *Barger v. Brock*, 535 S.W.2d 337 (Tenn. 1976). In *J.N. Moore v. Chattanooga Electric Railway Company et al.* 109 S.W. 497 (Tenn. 1907) the plaintiff contended that a judgment of the United States Circuit Court of Appeals was not final because the act establishing that court provided that cases determined by the Court on appeal, and in which it had rendered a final decision, should be remanded to the district or circuit court "for further proceedings to be taken in pursuance of such determination." Our Supreme Court noted the limited authority of the district or circuit court upon remand at page 501:

> The judge of the Circuit Court cannot open the case when it is remanded. He cannot in any way modify the judgment of the higher court. He has no judicial function to exercise in the matter. He cannot exercise any discretion. All that can be done is to execute the judgment of the appellate court, and this is merely a ministerial act.(citations omitted)

Finally, we note the following statement from 51 American Jurisprudence, Limitation of Actions, Section 299:

> For the purposes of a savings statute, a court action that is reversed and remanded for the obligatory ministerial act of dismissal is terminated on the date of the reversal, rather than on the date of the dismissal in the lower court.

Although in the instant case this Court's judgment of July 31, 2000, affirmed, rather than reversed, the order of the Circuit Court, the result was dismissal of the Appellants' case and the order entered by the Circuit Court consistent with such judgment upon remand was merely an "obligatory ministerial act." The one year allotted to the Appellants for commencing a new action began when our judgement was entered on July 31, 2000.

For the foregoing reasons we affirm the judgment of the Trial Court and remand for collection of costs below. Costs of appeal are adjudged against Larry E. Parrish, Larry E. Parrish, P.C. and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE