IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2005 Session

## In Re: MEI, DOB: 12/23/97, JASON ALLEN INGLE and KERRIE MICHELLE INGLE v. ELIZABETH FAYE INGLE

Direct Appeal from the Circuit Court for Hamilton County
No. 03A110      Hon. W. Neil Thomas, III., Circuit Judge

No. E2004-02096-COA-R3-PT  - FILED SEPTEMBER 26, 2005

The Trial Court refused to terminate the mother's parental rights to MEI.  On appeal, we vacate the Judgment and remand for further proceedings.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Catherine M. White, Chattanooga, Tennessee, for appellants.

Larry G. Roddy, Sale Creek, Tennessee, for appellee.

## OPINION

This custody-turned-adoption case comes to us in an unusual procedural posture.  The petitioners are the biological father of the 7-year-old child and his wife.  A petition for contempt and for primary residency was pending when in August 2002, petitioners herein obtained an emergency order of temporary primary residency for the child and a temporary restraining order against the mother.  That proceeding was filed under the original divorce docket.

In January of 2003, petitioners filed a petition to terminate the mother's parental rights and to allow adoption by the step-mother. (This petition was assigned a different docket number). The mother made no response to a motion for default judgment and did not appear in court when a default judgment was granted on March 17, 2003.  Three days before the scheduled hearing to finalize the termination of parental rights and step-parent adoption, the mother filed a motion to set

aside the default judgment and the Trial Court set a hearing for a Rule 60 evidentiary hearing, concurrently with the proof on the merits.

The default issue was heard concurrently with the trial on the merits on April 27, 2004, and at the conclusion the Trial Court set aside the default judgment, denied the petition to terminate parental rights and adopt. The Order entered on May 21, 2004, found that petitioners had not shown by clear and convincing evidence that the mother presented a substantial risk of harm to the child, and that the evidence did not support termination on grounds of abandonment by failure to pay child support and/or failure to visit the child within four months prior to the filing of the petition.

Thereafter, petitioners moved for specific findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 36-1-113(k). The Trial Court ordered the parties to submit their proposed findings of fact within 30 days for its consideration. The order also states that the time for appeal would run after the entry of an order approving the Specific Findings of Fact and Conclusions of Law submitted by counsel. The parties each submitted proposed findings. However, the respondent's proposed findings are not included in the technical record before this Court.

The petitioners submitted a voluminous proposal consisting of approximately 15 pages. These proposed findings of fact and conclusions of law do not support the Court's ruling from the bench and his comments at the conclusion of proof on April 27, 2004. The trial transcript is unequivocal that the Trial Court ruled against petitioners not to terminate the mother's rights. However, the Trial Court entered an Order on August 12, 2004, which specifically adopts and incorporates the petitioners' proposed findings of fact and conclusions of law. It is from the Order of August 14, 2004, that appellant takes their appeal.

Among the oldest of judicially recognized liberty interest protected by the federal and state constitutions is a biological parent's right to the care, custody and control of his or her child. *Troxel v. Granville,* 530 U.S. 57, 65 (2000); *Hawk v. Hawk*, 855 S.W.2d 573, 578-79 (Tenn. 1999). This right is not absolute; it continues without interruption only so long as a parent has not relinquished it, abandoned it, or engaged in conduct requiring its limitation or termination. *Blair v. Badenhope,* 77 S.W.3d 137, 141 (Tenn. 2002).

Tenn. Code Ann. § 36-1-113(k)[1] explicitly requires courts terminating parental rights to "enter an order which makes specific findings of fact and conclusions of law" whether they have been requested to do so or not. *In re S.M.,* 149 S.W.3d 632, 639 (Tenn. Ct. App. 2004); *In re D.L.B.,* 118 S.W.3d 360, 367 (Tenn. 2003). Specific findings of fact and conclusions of law facilitate appellate review and promote just and speedy resolution of appeals. A trial court's specific findings of fact are presumed to be correct unless the evidence preponderates otherwise. In termination of

---

[1]Tenn. Code Ann. § 36-1-113(k) provides: "The court shall enter an order which makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing."

parent rights cases, the appellate court determines whether the facts, as found by the trial court or as supported by the preponderance of the evidence clearly and convincingly establish the grounds for termination of the biological parent's rights. *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002); *In re Valentine,* 79 S.W.3d 536, 546 (Tenn. 2002).

When a lower court has failed to comply with Tenn. Code Ann. § 36-1-113(k), the appellate court must remand the case with directions to prepare the required findings of fact and conclusions of law. *In re D.L.B.,* 118 S.W.3d 360, 367 (Tenn. 2003)*; In re K.N.R.*, 2003 WL 22999427 at *5 (Tenn. Ct. App. Dec.23, 2003); *In re Adoption of Muir,* 2003 WL 22794524 at * 3 (Tenn. Ct. App. Nov. 25, 2003); *accord, State v. McBee,* 2004 WL 239759 at 5 -6 (Tenn. Ct. App. 2004), *In re C.W.W.*, 37 S.W.3d 467, 473 (Tenn.Ct.App.2000); *In re S.M.,* 149 S.W.3d 149 632, 639 (Tenn. Ct. App. 2004); *In re C.R.B.,* 2003 WL 22680911 at *3-4 (Tenn. Ct. App. Nov. 13, 2003).

Tennessee Courts strictly construe this statute. *See* for example, *In re M.J.B.,* 140 S.W.3d 643, 653 -654 (Tenn. Ct. App. 2004).

It is a fundamental principle that a court speaks only through its written judgments, duly entered upon its minutes. *Green v. Moore,* 101 S.W.3d 415, 420 (Tenn. 2003); *Evans v. Perkey,* 647 S.W.2d 636, 641 (Tenn. Ct. App. 1982). "Thus, when this Court undertakes a review of a parental termination case, we are concerned with whether the trial court's final written order, not its oral statements to the parties, satisfies the statute." *In the Matter of B.L.R.,* 2005 WL 1842502 at *11 (Tenn. Ct. App. Aug. 4, 2005), *citing*, *In re Adoption of Muir*, 2003 WL 22794524 (Tenn. Ct. App. Nov.25, 2003).

The state of the record renders the Order entered on May 21, 2004, which ruled that grounds had not been shown to terminate parental rights in conflict with the findings of fact and conclusions of law incorporated in the record by the Trial Court on August 12, 2004. Moreover, the statute requires that findings be entered within 30 days of the hearing, which in this case would have occurred on May 27, 2004.

"The constitutional magnitude of the rights involved in termination cases requires strict adherence to the evidentiary rules. [citation omitted] Simply put, termination cases must be conducted properly and according to the rules of evidence and procedure at both the trial and appellate level. The rules of evidence and procedure cannot be relaxed, ignored, or overlooked in termination cases." *State v. D.W.J.,* 2005 WL 1528367 at *4 (Tenn. Ct. App. June 29, 2005).

Meticulous compliance with the mandates of Tenn. Code Ann. § 36-1-113(k) are required by appellate courts. As already noted, the findings of fact as found by the Trial Court, i.e., "the biological mother was shown by clear and convincing evidence to have abandoned the child by wilfully failing to visit the child for four months prior to the filing of the petition", is inconsistent with the Court's Judgment. Our reading of the record and taking into consideration the Trial Court's comments, we believe the Trial Court did not intend to terminate the mother's parental rights. Accordingly, we vacate the Trial Court's Judgment, the Trial Court's Order adopting findings of fact and conclusions of law, and remand for the Trial Court for a new trial.

In our discretion, we tax the costs of the appeal to Jason Allen Ingle and Kerrie Michelle Ingle.

_____
HERSCHEL PICKENS FRANKS, P.J.