

# IN THE COURT OF APPEALS OF TENNESSEE AT KNOXVILLE
January 25, 2017 Session

## SANDRA JO ROBBINS v. ROBERT SCHOLZE ROBBINS

### Circuit Court for Hamilton County
No. 16D385    W. Jeffrey Hollingsworth, Judge

_____

### No. E2016-02396-COA-R3-CV
_____

The Notice of Appeal filed by the appellant, Robert Scholze Robbins, stated that the appellant was appealing from a final judgment entered on July 28, 2016. However, there is no final judgment in the proceedings below and the case remains pending in the Trial Court. As such, we lack jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Robert Scholze Robbins, Chattanooga, Tennessee, appellant, *pro se.*

Jennifer H. Lawrence, Chattanooga, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This Court was alerted by the Trial Court Clerk, prior to transmission of the record, that there was no final judgment entered on July 28, 2016, and that the case remained pending in the proceedings below. The Court therefore directed the appellant to show cause why this appeal should not be dismissed as premature. The appellant responded by filing a transcript of an oral interlocutory ruling by the Trial Court made on July 28, 2016, in the parties' divorce proceedings. The appellant maintains in his response that the transcript is the final order from which he seeks to appeal. The appellant's position is not well-taken.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). An oral pronouncement also has no effect unless and until made a part of a written judgment. *Envtl. Abatement, Inc. v. Astrum R. E. Corp.*, 27 S.W.3d 530, 536 (Tenn. Ct. App. 2000); *Knight v. Knight*, 11 S.W.3d 898, 906 n.7 (Tenn. Ct. App. 1999); *Evans v. Perkey*, 647 S.W.2d 636, 641 (Tenn. Ct. App. 1982). As such, because there is no written final judgment resolving all of the claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("[A]ppellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**