# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 2, 2004 Session

## STATE OF TENNESSEE v. JAMIE L. BAILEY

### Direct Appeal from the Circuit Court for Dyer County
No. C02-73     Lee Moore, Judge

---

### No. W2004-01334-CCA-R3-CD  - Filed March 2, 2005

---

The defendant attempts to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37 while a motion is pending in the trial court. The trial court has held the defendant's remaining motion in abeyance because the defendant has pursued this appeal. We find this appeal premature and remand the case to the trial court to complete the proceedings and issue a final judgment, from which the defendant may then appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Remanded

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jim W. Horner, Public Defender; H. Rod Taylor and Patrick R. McGill, Assistant Public Defenders, Dyersburg, Tennessee, for appellant, Jamie L. Bailey.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. FACTS

On April 15, 2004, the defendant, Jamie L. Bailey, pled guilty to three counts of first degree premeditated murder and requested that the trial court reserve a certified question of law relating to his competency to stand trial. On May 3, 2004, he filed a *pro se* motion to withdraw his guilty plea. The following day, the defendant filed a notice of appeal. The trial court has held the motion in abeyance pending this appeal.

### II. Analysis

The defendant now asks this Court to rule on his certified question and on his motion to withdraw the plea thereby preempting the trial court's review. However, the defendant has not appealed this case after its final disposition. So long as the defendant's motion is pending, a final judgment has not been procured and "[t]o hold otherwise would encourage, even require in some cases, piecemeal appeals." Evans v. Wilson, 776 S.W.2d 939, 942 (Tenn. 1989); see also State v. Peele, 58 S.W.3d 701, 706 (Tenn. 2001) (finding that a defendant should await a ruling on a motion to withdraw a guilty plea before instituting an appeal).

A motion for plea withdrawal can potentially alter, if not vacate, a judgment. Therefore, the outcome of this appeal would evaporate if the trial court subsequently granted the defendant's motion. Moreover, since an appeal of right is available from a motion for plea withdrawal, entertaining this appeal would provide an avenue for two direct appeals. Thus, our review of the merits of this appeal is premature.

### III. Conclusion

For the foregoing reasons, we remand the case for disposition of the motion for plea withdrawal.

_____
J.C. McLIN, JUDGE