Sam EVANS and Carolyn Evans,
Plaintiffs–Appellees,

v.

Lisa K. WILSON, Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

July 31, 1989.

Don G. Owens, Jr., Memphis, for defendant-appellant.

Ronald D. Krelstein, Memphis, for plaintiffs-appellees.

OPINION

DROWOTA, Chief Justice.

This case presents certain procedural problems arising in the operation of the additur statute, Tenn.Code Ann. § 20–10–101. We also address questions regarding when the time for filing the notice of appeal begins to run.

## I.

Plaintiff, Sam Evans, was injured in an automobile accident when his vehicle was struck in the rear by a vehicle driven by the defendant. He brought this action for damages with his wife, Carolyn Evans, filing a derivative action for loss of consortium. The jury returned a verdict in favor of Plaintiff, Sam Evans, for $3,000.00 and in favor of the defendant as to Plaintiff, Carolyn Evans.

The trial court entered judgment on the jury verdict on September 22, 1986. The Plaintiffs timely filed a motion for new trial, or in the alternative, a request for additur. In an order entered October 3, 1986, the trial judge ruled as thirteenth juror that the $3,000.00 verdict was inadequate. The trial court suggested an additur of $9,000.00, making the total judgment $12,000.00. The trial court's order overruled the motion for new trial in all other respects, but stated that the Plaintiffs would be entitled to a new trial if Defendant failed to accept the additur.

Plaintiffs also timely filed a motion to amend the judgment to add pre-judgment interest, pursuant to Rule 59.04, T.R.C.P., and to assess discretionary costs pursuant to Rule 54.04(2), T.R.C.P. The motion was denied. The Plaintiffs, on October 16, 1986, filed a notice of appeal, appealing the denial of the motion for new trial, and the motion for pre-judgment interest and discretionary costs.

The record does not reflect that the Defendant took any action with respect to the suggestion of additur. Neither does it reflect that the trial court granted a new trial in accordance with the order suggesting additur, or denied the motion for new trial in all respects.

The Court of Appeals held that the acceptance of a suggestion of additur required a juristic act on the part of the Defendant. In the absence of such an act, the Court of Appeals remanded and ordered the trial court to grant a new trial on the ground of an inadequate verdict.

## II.

The statute governing additur, Tenn. Code Ann. § 20–10–101, provides as follows:

Additur.—(a)(1) In cases where, in the opinion of the trial judge a jury verdict is not adequate to compensate the plaintiff or plaintiffs in compensatory damages or punitive damages, the trial judge may suggest an additur in such amount or amounts as he deems proper to the compensatory or punitive damages awarded by the jury, or both such classes of damages.

(2) If such additur is accepted by the defense, it shall then be ordered by the trial judge and become the verdict, and if not accepted, the trial judge shall grant the plaintiff's motion for a new trial because of the inadequacy of the verdict upon proper motion being made by the plaintiff.

(b)(1) In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party should be increased, and an additur is suggested by him on that account, with the proviso that in case the party against whom the verdict has been rendered refuses to make the additur a new trial will be awarded, the party against whom such verdict has been rendered may make such additur under protest, and appeal from the action of the trial judge to the Court of Appeals.

(2) The Court of Appeals shall review the action of the trial court suggesting an additur using the standard of review provided for in Rule 13(d) of the Tennessee Rules of Appellate Procedure applicable to decisions of the trial court sitting without a jury. If the Court of Appeals is of the opinion that the verdict of the jury should not have been increased or that the amount of the additur is improper, but that the judgment of the trial court is correct in all other respects, the case shall be reversed to that extent, and the Court of Appeals may order remitted all or any part of the additur.

Under this statute, the trial court can only suggest an additur. It cannot order an additur. As the statute makes clear, once the defendant accepts the suggestion of additur (whether or not under protest), the trial court then enters an order making the prior jury verdict plus the additur the judgment of the court. That order should also deny the motion for new trial, an order appealable by the Plaintiff.

In the event that the Defendant does not accept the additur, the trial court must enter a further order granting the motion for new trial. The order suggesting additur and granting a new trial is only provisional and is not self-executing. The order granting a new trial is not a final judgment and is not appealable as of right. T.R.A.P. 3(a); see *Panzer v. King*, 743 S.W.2d 612, 616 (Tenn.1988).

■ We agree with the Court of Appeals that it is implicit in the additur statute that if the additur is to be accepted, such acceptance must be accomplished by a juristic act of acceptance, either orally or in writing. We cannot assume that the mere silence of a defendant in the face of a suggestion of additur constitutes an act of acceptance.

The additur statute unfortunately contains no time frame governing when a Defendant must act on a suggestion of additur. One result of this omission is apparent in this case. The trial court put down its suggestion of additur on October 3, 1986, but the suggestion placed no time limits on the defendant. The defendant neither accepted nor rejected the suggestion, and no further order granting or denying a new trial was entered. As a result, the resolution of this case has been unnecessarily delayed, and resources of the litigants and the courts wasted.

■ In the exercise of our inherent and statutory supervisory authority, T.C.A. §§ 16-3-501 to 16-3-504, we hold that a trial judge in suggesting an additur, must establish a time frame in which the defendant may accept the suggestion. If the defendant does not accept the suggestion

within the allotted time, the suggestion will be deemed rejected. The defendant should be given a reasonable time in which to accept, determined by the sound discretion of the trial judge, but not to exceed 30 days. The 30 day limitation period does not preclude the trial court from enlarging the time under Rule 6.02, Tenn.R.Civ.P. A similar rule should apply to the remittitur statutes, T.C.A. §§ 20-10-102, 20-10-103, as well.

■ The question remains whether there is an appealable order in this case. Rule 4(a), T.R.A.P., requires the notice of appeal to be filed within 30 days after the date of the judgment from which the appeal is taken. In civil cases, however, the timely filing of certain specified motions tolls the 30 day period. Rule 4(b), T.R.A.P. provides:

(b) **Termination by Specified Timely Motions in Civil Actions.—** In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 54.04(2) to assess cost; (4) under Rule 59.02 for a new trial; (5) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

The Plaintiffs timely filed both a motion for new trial and a motion to assess costs. The notice of appeal states that the appeal is taken from the denial of these orders.

On the basis of our foregoing discussion of the additur statute, the order suggesting an additur and denying the motion for new trial in all respects other than the ground of inadequate verdict is at most a provisional order, not a final order from which an appeal as of right lies. On the record before us, a final order denying the motion

for new trial has yet to be entered, and the time for filing a notice of appeal from such an order has not begun to run.

■ The trial court did, however, deny the Plaintiffs' motion under Rule 54.04(2) to assess costs and under Rule 59.04 to alter or amend the judgment by adding pre-judgment interest. Rule 4(b), T.R.A.P. provides that "the time for appeal for all parties shall run from the entry of the order denying a new trial *or* granting or denying any other such motion." [emphasis added]. This raises the question whether a Rule 3 appeal lies from the order denying the motion made under Rules 54.04(2) and 59.01, even without a final order denying the motion for new trial.

The Advisory Commission Comments on T.R.A.P. 4(b) are pertinent in this regard.

Subdivisions (b) and (c) specify certain post-trial motions that, if timely filed, terminate the running of the time for filing notice of appeal. These tolling provisions may unduly lengthen litigation if such motions are not ruled on promptly by the trial court. However, unless these motions are abolished, it would be undesirable to proceed with the appeal while the trial court has before it a motion the granting of which would vacate or alter the judgment appealed from, and which might affect either the availability of or the decision whether to seek appellate review.

As the comments point out, the disposition of the motions specified in Rule 4(b) could potentially affect the judgment entered by the trial court. So long as such a motion is pending, there is no final judgment for purposes of T.R.A.P. 3(a). To hold otherwise would encourage, even require in some cases, piecemeal appeals. It would result in a lack of certainty regarding when a notice of appeal should be filed. We therefore hold that the time for appeal does not begin to run until the trial court has disposed of all the timely filed motions specified in Rule 4(b).

We hold that the notice of appeal filed is at this time without effect.[1] The appeal must be dismissed.

■ The Court of Appeals remanded this case for a new trial. It went on to hold that under *New Jersey Zinc Co. v. Cole,* 532 S.W.2d 246 (Tenn.1975), the trial court erred in admitting the opinion testimony of defendant's experts, forensic physicians who had neither treated nor examined Plaintiff Sam Evans, and whose opinions were based in part on medical records and reports not in evidence. We disagree with the Court of Appeals' reading of *New Jersey Zinc.*

*New Jersey Zinc* permits a treating physician to give an expert opinion based on hearsay reports and tests received in aid of diagnosis and treatment of a patient. It is an exception to the traditional view excluding expert opinions based on the hearsay reports of others. *See,* D. Paine, *Tennessee Law of Evidence* § 176 (1974). *New Jersey Zinc* assumes that the reports and tests are not in evidence, since under the traditional view, an expert opinion must be based on facts in evidence. *Id.; see also McCormick on Evidence* § 14 (3rd ed. 1984).

In *New Jersey Zinc,* the expert testimony of a treating physician was at issue. We held that the reliability and trustworthiness of the hearsay reports and tests were established by their use by the treating physician in treatment and diagnosis. Once reliability and trustworthiness are established in this manner, however, there is no reason why a forensic physician should not be permitted to rely on the same reports and tests in giving his or her expert medical opinion. In such circumstances, *New Jersey Zinc* should be extended to forensic physicians.

In the instant case, Defendant's experts based their opinion on the same reports and tests that served as the basis for the expert opinion of Plaintiff's treating physician. The Court of Appeals erred in holding that the opinion testimony of Defendant's ex-

1. See T.R.A.P. 4(d) regarding prematurely filed notices of appeal.

perts should have been excluded.[2]

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.

---

**2.** We note that Article VII of the Tennessee Rules of Evidence, and Rule 703 in particular, will be applicable to this issue for cases tried on or after January 1, 1990.