IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 14, 2005 Session

JAMES LESTER QUALLS v. RANDY CAMP, in his official capacity as
Commissioner of Personnel and Executive Secretary of the Civil Service
Commission, ET AL.

Direct Appeal from the Chancery Court for Davidson County
No. 03-2108-I    Richard H. Dinkins, Chancellor

No. M2004-01005-COA-R3-CV - Filed October 27, 2005

Petitioner, James Lester Qualls, appealed the decision of the Civil Service Commission, which had
overturned the Administrative Law Judge's decision and reinstated the Department of Corrections'
disciplinary actions against Mr. Qualls. Upon determining that the Civil Service Commission had
failed to make written findings for review, the chancery court vacated the order and remanded the
matter to the Civil Service Commission for findings. Mr. Qualls filed a motion to alter or amend
the judgment to include an award of attorney's fees. The chancery court granted the motion and
awarded attorney's fees pursuant to 42 U.S.C. § 1988. The Civil Service Commission and
Department of Corrections filed a motion to alter or amend in chancery court and now appeal to this
Court, asserting this action does not fit within 42 U.S.C. § 1988 and, alternatively, the attorney's fees
award is unreasonable. We dismiss for lack of subject matter jurisdiction.

Tenn. R. App. P. 3 Appeal as of Right; Dismissed

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY
M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter, and Eugenie B. Whitesell, Senior Counsel, for
the Appellants, Randy Camp, in his official capacity as Commissioner of Personnel and Executive
Secretary of the Civil Service Commission, and Quentin White, in his official capacity as
Commissioner of the Tennessee Department of Correction.

Larry D. Woods, Nashville, Tennessee, for the appellee, James Lester Qualls.

OPINION

This appeal concerns only the propriety and reasonableness of an award of attorney's fees
under 42 U.S.C. § 1988. In August 2001, the Tennessee Department of Corrections ("the
Department") disciplined Petitioner, Lt. James Lester Qualls (Lt. Qualls) for gross misconduct

stemming from the alleged falsification of an official document relating to firearms qualifications. The Department demoted Lt. Qualls from lieutenant to correctional sergeant and transferred him from the Turney Center Industrial Prison in Only, Tennessee, where he had worked for twenty-seven years, to the Tennessee Prison for Women in Nashville, Tennessee. The Commissioner of Corrections reviewed the matter and further demoted Lt. Qualls to the rank of correctional officer and transferred him to Wayne County Boot Camp in Clifton, Tennessee.

In September 2002, the matter was heard by an administrative law judge ("ALJ"), who set aside the disciplinary measures. In its detailed order, the ALJ determined that although Lt. Qualls had committed misconduct, the misconduct was not gross misconduct under Rule 1120-1-.01(45) of the Rules of the Department of Personnel. The ALJ also found that the Department had failed to follow the civil service progressive discipline system as set forth in Tennessee Code Annotated § 8-3-330. It further found that the Department had failed to consider Lt. Qualls' past conduct and excellent work record; that it had failed to take the extenuating circumstances surrounding the misconduct into account; and that it did not follow the discipline imposed on another employee who had committed essentially the same offense. The Department appealed to the Civil Service Commission ("the Commission"), which heard the matter in June 2003. The Commission overturned the decision of the ALJ and ordered Lt. Qualls be demoted from lieutenant to sergeant.

Lt. Qualls filed an appeal of the Commission's determination in the Davidson County Chancery Court in July 2003. In his petition, Lt. Qualls asserted that the Commission's actions were arbitrary, capricious, abusive, and unsupported by material and substantial evidence. Lt. Qualls also asserted that the Department had failed to follow statutory requirements regarding progressive discipline. In his original petition to the chancery court, Lt. Qualls prayed for reinstatement, back pay, benefits, and reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, *et. seq.* In October 2003, he amended his petition to include an assertion that the Commission had failed to comply with Tennessee Code Annotated §§§ 4-5-314, 4-5-315, and 8-30-328.

The chancery found the Commission had failed to include conclusions of law and policy reasons for its decision as required by Tennessee Code Annotated § 4-5-314. The court held that it was therefore unable to review the matter in accordance with Tennessee Code Annotated § 4-5-322. It accordingly vacated the Commission's order and remanded the case to the Commission for further proceedings and entry of a final order in compliance with § 4-5-314.

On February 4, 2004, Lt. Qualls filed a motion to alter or amend requesting that the court amend its order to include reasonable attorney's fees pursuant to 42 U.S.C. §1988. Mr. Qualls' attorney submitted fees of $14,920 based on a rate of $400 per hour. In their response to Lt. Qualls' motion, the Commission and Department (hereinafter, collectively, "Respondents" or "Appellants") argued that an award of attorney's fees under 42 U.S.C. § 1988 was not appropriate because Lt. Qualls had not prevailed, as required by the statute, where the cause had been remanded for findings. They further asserted that attorney's fees were not warranted under the statute because the trial court had not found a deprivation of rights under color of state law. Respondents also opposed the reasonableness and amount of the requested award. They submitted that the rate of $400 per hour

was unreasonable in that it does not reflect the prevailing market rate for civil rights litigation in Tennessee, and that it was an inappropriate rate for this particular type of case. The trial court found the rate requested to be reasonable and on March 25, 2004, awarded Lt. Qualls' attorney's fees of $14,920 based on an hourly rate of $400. Respondents filed a motion to alter or amend on April 1, 2004, and alternatively sought entry of an order making the award of attorney's fees a final judgement pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. On April 22, 2004, Respondents filed their motion to appeal to this Court.

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court is required to determine whether it has subject matter jurisdiction to review this matter. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction may be considered by the court *sua sponte*. *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998); Tenn. R. App. P. 13(b).

Upon review of the record, we find that Respondents' April 1, 2004, motion to alter or amend, which Respondents filed before filing their notice of appeal to this Court, was not disposed of by the trial court. Although, in his brief to this Court, Mr. Qualls asserts Respondents' April 1 motion was later withdrawn, we find nothing in the record to indicate that Respondents withdrew their motion to alter or amend. Appellants do not include their motion to alter or amend in the Statement of the Case contained in their brief to this Court, but assert this matter is before us as an appeal of right pursuant to Rules 3 and 4 of the Tennessee Rules of Appellate Procedure and Tennessee Code Annotated § 4-5-323.

It appears from the record that Respondents' motion to alter or amend is still pending before the trial court. As long as there is a timely motion to alter or amend pending before the trial court, there is no final judgment for review by this Court under Rule 3(a) of the Tennessee Rules of Appellate Procedure. *Evans v. Wilson*, 776 S.W.2d 939, 942 (Tenn. 1989). Accordingly, we dismiss this appeal for lack of subject matter jurisdiction. Costs are taxed to Appellants, Randy Camp, in his official capacity as Commissioner of Personnel and Executive Secretary of the Civil Service Commission and Quentin White, in his official capacity as Commissioner of the Tennessee Department of Corrections.

_____
DAVID R. FARMER, JUDGE