IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 21, 2019 Session

## JOHN GUNN ET AL. v. JEFFERSON COUNTY ECONOMIC DEVELOPMENT OVERSIGHT COMMITTEE, INC.

**Appeal from the Chancery Court for Jefferson County**
**No. 13-CV-212      Don R. Ash, Senior Judge**

_____

### No. E2018-01345-COA-R3-CV

_____

Because appellants' notice of appeal was filed more than thirty days following the trial court's final, appealable judgment, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. McCLARTY, J., joined.

D. Scott Hurley and Ryan N. Shamblin, Knoxville, Tennessee, for the appellants, John Gunn, Clarice Gunn, Jack Kenley, Charlotte Kenley, Steve Monroe, Carol Monroe, Charles Crosby, Steve Hammer, Bandi Hammer, Leroy Malone, Annette Loy, and Peggy Corbett.

Robert E. Cooper, Jr., and Christopher J. Climo, Nashville, Tennessee, for the appellee, Jefferson County Economic Development Oversight Committee, Inc.

### OPINION

### I.

In 2013, Plaintiffs/Appellants John Gunn, Clarice Gunn, Jack Kenley, Charlotte Kenley, Steve Monroe, Carol Monroe, Charles Crosby, Steve Hammer, Bandi Hammer, Leroy Malone, Annette Loy and Peggy Corbett, citizens, residents, and property owners of Jefferson County, Tennessee ("Plaintiffs") filed a complaint related to whether Defendant/Appellee Jefferson County Economic Development Oversight Committee, Inc. ("EDOC") was subject to the Open Meetings Act and the Public Records Act. The complaint specifically stated that it was brought pursuant to those acts, as well as the

Declaratory Judgment Act. The complaint further alleged that EDOC was not complying with the Open Meetings Act and had failed to produce documents pursuant to valid public record requests. Plaintiffs sought relief in the form of a declaration that the EDOC was subject to the Open Meetings Act and Public Records Act, an injunction preventing the EDOC from continuing to violate the acts, and attorney's fees for past violations.

Eventually, a bench trial occurred in which the trial court ruled that the EDOC was not subject to the Open Meetings Act and the Public Records Act. This Court reversed on appeal and "remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion." ***Wood v. Jefferson Cty. Econ. Dev. Oversight Comm., Inc.***, No. E2016-01452-COA-R3-CV, 2017 WL 4277711, at *12 (Tenn. Ct. App. Sept. 26, 2017), *perm. app. denied* (Tenn. Feb. 14, 2018).

Following the issuance of the mandate from this Court, Plaintiffs filed a motion for the entry of permanent injunction, an award of attorney's fees, and discretionary costs. The trial court entered an order on June 5, 2018, granting an order "in conformity with the Court of Appeals opinion and for costs, including discretionary costs." The order, however, denied the request for an award of attorney's fees on several grounds. Finally, the order directed counsel for Plaintiffs to submit affidavits delineating discretionary costs. The affidavits were filed and the trial court entered an order awarding costs on July 16, 2018. A notice of appeal was filed on July 23, 2018.

**II.**

In this case, Plaintiffs appeal the trial court's denial of their claims under the Open Meetings Act and Public Records Act, particularly the trial court's refusal to issue an injunction and award attorney's fees. At oral argument in this case, this Court raised, *sua sponte*, the issue of whether it possessed subject matter jurisdiction to adjudicate Plaintiffs' appeal under Rules 3 and 4 of the Tennessee Rules of Appellate Procedure. Specifically, the initial question presented in this appeal is whether the time for filing a notice of appeal was triggered when the trial court entered (1) the June 5, 2018 order denying Plaintiffs' requests for a permanent injunction and attorney's fees and awarding discretionary costs; or (2) the July 16, 2018 order awarding discretionary costs to Plaintiffs in an amount certain. If the time for appealing was triggered by the June 5, 2018 order, Plaintiffs' notice of appeal was untimely and this appeal must be dismissed. If, however, the July 16, 2018 order triggered the time for filing a notice of appeal, Plaintiffs' appeal is timely. As such, each party was invited to file a supplemental brief concerning this Court's jurisdiction. After our review of the applicable law and the parties' filings, we must conclude that we lack subject matter jurisdiction to consider this appeal.

Rule 4 of the Tennessee Rules of Appellate Procedure provides the time limit for filing a notice of appeal to this Court:

In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; . . . .

Tenn. R. App. P. 4(a). The thirty-day time limit for filing a notice of appeal set forth in Rule 4 is mandatory and jurisdictional in civil matters. ***Albert v. Frye***, 145 S.W.3d 526, 528 (Tenn. 2004); ***Binkley v. Medling***, 117 S.W.3d 252, 255 (Tenn. 2003). The Tennessee Rules of Appellate Procedure expressly prohibit this Court from either waiving or extending that time period. *See* Tenn. R. App. P. 2 & 21(b). "The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal." ***Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)–(b)). If the notice of appeal is not timely, this Court lacks subject jurisdiction over the appeal. ***Id.***

The time for filing a notice of appeal may, however, be tolled by the timely filing of certain motions. *See generally* Tenn. R. Civ. P. 59.01 (stating that only motions pursuant to Rules 50.02 (for judgment in accordance with a directed verdict), 52.02 (to amend or make additional findings of fact), 59.07 (for a new trial), and 59.04 (to alter or amend the judgment) will "extend[] the time for taking steps in the regular appellate process"); Tenn. R. App. P. 4(b) (stating where a motion under Rule 50.02, 52.02, 59.07, or 59.04 is timely filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion"). Motions for discretionary costs are governed by Rule 54.04 of the Tennessee Rules of Civil Procedure. *See generally* Tenn. R. Civ. P. 54.04.  As is evident from the previously discussed rules, a motion for discretionary costs is not among the motions that toll the time for taking an appeal. Indeed, the advisory committee comments to Rule 4 emphasize that "[a] motion for discretionary costs does not toll the time for filing a notice of appeal." Tenn. R. App. P. 4 advisory committee's cmt. to 1995 amend.

Importantly, this Court's jurisdiction in appeals as of right extends only to final judgments. Tenn. R. App. P. 3(a). *But cf.* Tenn. R. App. 9 (governing discretionary interlocutory appeals for which no final judgment is necessary); Tenn. R. App. 10 (discussing discretionary extraordinary appeals for which no final judgment is necessary). A final judgment for purposes of Rule 3 is one that "'decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" ***Richardson v. Tennessee Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting ***Saunders v. Metropolitan Gov't of Nashville & Davidson County***, 214 Tenn. 703, 383 S.W.2d 28, 31 (Tenn. 1964)).

Motions for discretionary costs, however, have been described as "ancillary" or "collateral" to the underlying matter by Tennessee courts. ***Roberts v. Roberts***, No.

E2009-02350-COA-R3-CV, 2010 WL 4865441, at *8 (Tenn. Ct. App. Nov. 29, 2010) (citing *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007)) ("The motion for discretionary costs is treated as an ancillary or collateral matter."); *cf. First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) ("Of course, perfecting an appeal does not prevent the trial court from acting with regard to ancillary matters relating to the enforcement or collection of its judgment."). As such, we have repeatedly held that a post-judgment motion for discretionary costs does not deprive this Court of jurisdiction to review an otherwise final judgment. *See, e.g., Phelps v. Benke*, No. M2015-02212-COA-R3-CV, 2017 WL 113965, at *10 (Tenn. Ct. App. Jan. 11, 2017) ("It is important to note, however, that the absence of an order on Mr. Benke's motion for discretionary costs does not defeat our exercise of jurisdiction over this appeal. A final order does exist."); *Payne v. Tipton Cty.*, 448 S.W.3d 891, 898 (Tenn. Ct. App. 2014) (quoting *Graybeal v. Sherrod*, No. E2011-01825-COA-R3-CV, 2012 WL 4459807, at *9 (Tenn. Ct. App. Sept. 27, 2012)) ("A motion for discretionary costs filed after a final order does not 'arrest the finality' of the trial court's judgment."); *Roberts*, 2010 WL 4865441, at *8. Thus, a post-trial motion for discretionary costs is not part of the "whole merits of the case" that must be adjudicated in order to make a judgment final. *Richardson v*, 913 S.W.2d at 460.

On the other side of the same coin, we have held where an order is entered that adjudicates every pending matter other than a post-judgment motion for discretionary costs, the time for appeal under Rule 4 runs from the entry of the final order, not the order addressing the motion for discretionary costs. *See Goins v. Lawson*, No. E2016-01406-COA-R3-CV, 2017 WL 2954686, at *2 (Tenn. Ct. App. July 11, 2017). In *Goins*, all of the plaintiff's claims were dismissed by order of May 9, 2016. *Id.* at *1. The defendant thereafter filed a motion for sanctions and discretionary costs. *Id.* The trial court denied the motion for sanctions and granted the motion for discretionary costs by order of June 20, 2016. *Id.* The plaintiff thereafter filed a notice of appeal on July 8, 2016. *Id.*

In order to determine whether the plaintiff's appeal of the dismissal of her case was timely, we were required to consider the date the final judgment was entered by the trial court. *Id.* We first noted that neither a motion for sanctions nor a motion for discretionary costs was among the motions which toll the time for taking an appeal under Rule 4(b). *Id.* at *2. As such, we concluded that the final judgment was entered when the trial court dismissed all the claims raised in the plaintiff's complaint. *Id.* The plaintiff's notice of appeal, filed more than thirty days following the May 9, 2016 final order, was therefore untimely and we were deprived of jurisdiction to consider the plaintiff's appeal. *Id.* As such, the plaintiff's appeal was dismissed. *Id.*

The case-at-bar, while similar to *Goins*, is not an exact analog to the facts presented in that case. Importantly, while the motion for discretionary costs in *Goins* was filed following the entry of the final judgment, in this case, Plaintiffs filed their motion

for discretionary costs concurrently with their motion for the entry of a permanent injunction and for attorney's fees. As such, Plaintiff contends that the June 5, 2018 order was not final as it "adjudicate[d] fewer than all of the claims" at issue. Tenn. R. App. P. 3(a). Thus, we must determine whether the timing of the request for discretionary costs has any effect on whether the judgment was final in this case.

In determining this issue, we first consider the rule governing discretionary costs, Rule 54.04 of the Tennessee Rules of Civil Procedure. Rule 54.04 expressly contemplates that a motion for discretionary costs should be filed "within thirty (30) days **after** entry of judgment." Tenn. R. Civ. P. 54.04(2) (emphasis added) (stating that a court retains jurisdiction over the motion even though a notice of appeal has been filed). The same timeline applies following a reversal on appeal and remand to the trial court, where the appeal results in a final disposition of the case. *Id.* (allowing thirty days following the entry of the appellate court's mandate for the new prevailing party to file a motion for discretionary costs). The advisory committee comments make clear, however, that this timeline applies only when the appeal results in a final disposition of the case. Tenn. R. Civ. P. 54.04 advisory committee's cmt. to 2005 amend. Where the case is remanded for further proceedings, a motion for discretionary costs "may be filed following the trial court's ultimate judgment on remand." *Id.*

This second scenario was at issue in this case. As previously discussed, the Court in *Gunn I* did not enter a final disposition of this case but expressly remanded to the trial court for further proceedings. Indeed, there can be no dispute that Plaintiffs' substantive requests for relief, including a request for a permanent injunction and attorney's fees, were still outstanding following remand. As such, Plaintiffs' motion for discretionary costs filed prior to the trial court's ruling on attorney's fees and injunctive relief was premature.

We also find guidance from the Tennessee Supreme Court's decision in *Evans v. Wilson*, 776 S.W.2d 939 (Tenn. 1989). In *Evans*, the plaintiff filed several post-trial motions, including a motion for discretionary costs, a motion to alter or amend, and a motion for new trial. *Id.* at 940. The trial court entered an order denying the motion for discretionary costs and to alter or amend, but did not enter a final order on the issue of the new trial. *Id.* at 941–42 (stating that the order entered by the trial court on the motion for new trial was merely "provisional"). The plaintiff appealed and the Tennessee Supreme Court dismissed the appeal. In reaching this result, the court explained that "the disposition of the motions specified in Rule 4(b) could potentially affect the judgment entered by the trial court. So long as such a motion is pending, there is no final judgment for purposes of T.R.A.P. 3(a)." *Id.* at 942. The opposite is true in this case. Here, the motion that remained pending before the trial court was solely a motion for discretionary costs, which does not toll the time for taking an appeal pursuant to Rule 4(b). Moreover, the grant or denial of a motion for discretionary costs has no potential to affect the underlying judgment; it merely concerns the award of costs to the prevailing party.

Finally, we note that the assessment of costs is generally not a bar to a final judgment. Nearly a century ago, the Tennessee Supreme Court opined that "[a] decree will be treated as final, and an appeal entertained only where there is nothing left for future determination except the adjudication of the costs." *Mengle Box Co. v. Lauderdale Cty.*, 230 S.W. 963, 966 (Tenn. 1921) ("If the entire merits are disposed of, the decree is final; otherwise not."). This Court has continued to follow this rule even after the adoption of the Rules of Civil and Appellate Procedure. *See, e.g., Brooks v. Woody*, No. E2018-00127-COA-R3-CV, 2018 WL 5879699, at *4 (Tenn. Ct. App. Nov. 8, 2018); *Hitachi Capital Am. Corp v. Cmty. Tr. & Banking Co.*, No. E2015-02121-COA-R3-CV, 2016 WL 5210860, at *4 (Tenn. Ct. App. Sept. 20, 2016); *Utopia Place, LLC v. E. Properties, Inc.-Bellevue*, No. M2014-02196-COA-R3-CV, 2016 WL 4005927, at *5 (Tenn. Ct. App. July 20, 2016); *Sullivan v. Parham*, No. 86-272-II, 1987 WL 18716, at *2 (Tenn. Ct. App. Oct. 23, 1987); *cf. Cockrell v. Cockrell*, 83 S.W.2d 281, 283 (Tenn. Ct. App. 1935) (holding that "the taxation of costs of a cause . . . is an incident to the merits of the case, and not such a controlling element of the cause as to determine the question of finality of the decree.").

Applying this rule, we recently held that a judgment was final for purposes of appeal notwithstanding that the trial court had yet to assess court costs. *See Brooks v. Woody*, 2018 WL 5879699, at *4. In reaching this result, we noted that the Tennessee Supreme Court had previously held that "when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment." *Id.* at *3 (quoting *Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn. 2009)). We also observed that, based on this law, we had previously held that an amended order adjudging costs was not the final order for purposes of triggering the time for filing an appeal where it "did not alter or address any of the substantive claims or rights of the parties[.]" *Id.* (quoting *Hitachi Capital Am. Corp*, 2016 WL 5210860, at *4). Applying this rule to the facts at issue in *Brooks*, we held that a March 9, 2017 order adjudicating all claims other than the assessment of costs was the triggering order for filing of a notice of appeal; as we explained, the assessment of costs was merely "a matter incident to the merits of [the plaintiff's] case 'and not such a controlling element of the cause as to determine the question of finality of the decree.'" *Id.* (quoting *Hitachi Capital Am. Corp*, 2016 WL 5210860, at *4). Because the notice of appeal was untimely, we dismissed the appeal for lack of subject matter jurisdiction.

A motion for discretionary costs demands the same treatment. The Tennessee Supreme Court has expressly held that a judgment is final where it adjudicates "the whole merits of the case." *Richardson v*, 913 S.W.2d at 460. Like court costs, discretionary costs are incidental, or ancillary, to the underlying merits of the case. *Roberts*, 2010 WL 4865441, at *8; *see also Black's Law Dictionary* 101 (9th ed. 2009) (defining ancillary as "[s]upplementary" or "subordinate"); *Black's Law Dictionary* at 830 (defining incidental

as "[s]ubordinate to something of greater importance"). The nature of court costs as ancillary does not result from the fact that they are sought by filing a post-trial motion, but based on the fact that they are merely incidental, or subordinate, to the adjudication of the merits of the case. *See Brooks*, 2018 WL 5879699, at \*4; ***Hitachi Capital Am. Corp***, 2016 WL 5210860, at \*1, \*4. Likewise, the nature of discretionary costs as ancillary does not depend on the timing of such a motion, but on the nature of the relief sought.

At the time the trial court entered its June 5, 2018 order, nothing was left for future determination except the award of discretionary costs. *See **Mengle Box Co.***, 230 S.W. at 966. Indeed, even the issue of whether discretionary costs should be awarded had been adjudicated by the trial court, leaving only the issue of the amount of discretionary costs at issue. Such a matter is merely incidental to the merits of the case, ***Hitachi Capital Am. Corp***, 2016 WL 5210860, at \*1, \*4, and has no potential to affect the outcome of the proceeding, unlike a motion to amend or any of the other motions under Rule 4b. *See **Evans***, 776 S.W.2d at 942. Moreover, Rule 54.04 directs litigants to file motions for discretionary costs following the entry of judgment. Tenn. R. Civ. P. 54.04. Had Plaintiffs filed their motion following the entry of the trial court's order denying the injunction and attorney's fees, there would be no question that their appeal is untimely. *See **Goins***, 2017 WL 2954686, at \*2. Parties should not be rewarded for failing to comply with the clear import of our procedural rules. Given the foregoing, we conclude that a motion for discretionary costs does not "arrest the finality" of the trial court's judgment for purposes of appellate jurisdiction, regardless of whether the motion is filed prior to the entry of final judgment. ***Payne***, 448 S.W.3d at 898 (quoting ***Graybeal***, 2012 WL 4459807, at \*9).

The trial court's June 5, 2018 order fully adjudicated all of the substantive claims other than the assessment of discretionary costs. As such, the time for filing a notice of appeal of the trial court's substantive rulings began to run on June 5, 2018.[1] Plaintiffs' notice of appeal, filed on July 23, 2018, was therefore untimely. Consequently, this Court lacks subject matter jurisdiction over this appeal.

### Conclusion

This appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are taxed to Plaintiffs/Appellants, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[1] We note that Plaintiffs do not designate an issue on appeal regarding the discretionary costs awarded.