IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2019 Session

**WILMINGTON SAVINGS FUND SOCIETY, FSB v. UNITED STATES DEPARTMENT OF JUSTICE, ET AL.**

**Appeal from the Chancery Court for Anderson County**
**No. 16CH8303     M. Nichole Cantrell, Chancellor**

_____

**No. E2018-01250-COA-R3-CV**
_____

Plaintiff Wilmington Savings Fund Society brought this action for foreclosure on property owned by defendants Reginald Hall and Rhonda Hall, requesting that the trial court declare its debt from a loan secured by deed of trust to have priority over debts allegedly owed by the Halls to other named defendants. The trial court granted plaintiff summary judgment and Reginald Hall appealed. Plaintiff argues on appeal that the trial court's judgment was not final and therefore this Court does not have jurisdiction. We hold that the trial court did not adjudicate all of the claims raised by the parties. Accordingly, this appeal is dismissed for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right**
**Appeal Dismissed for Lack of Jurisdiction; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Reginald Hall, Oak Ridge, Tennessee, appellant, pro se.

H. Keith Morrison, Fayetteville, Arkansas, for the appellee, Wilmington Savings Fund Society, dba Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14ATT.

**OPINION**

**I.**

The complaint names the Halls as debtors on a note secured by the deed of trust at issue and alleges they were in default by failing to make payments. Plaintiff also named

as defendants several other alleged creditors of the Halls: Arrow Financial Services, Discover Bank, Briarcliff Health Care Center, Georges H. Brandan, the United States Department of Justice, and the Internal Revenue Service, each of whom was alleged to have outstanding judgments against the Halls. The complaint further alleges that the property upon which plaintiff sought to foreclose was also collateral securing a second deed of trust held by defendant Bank of America. Plaintiff asked the trial court for judgment in rem against the property in the amount of the outstanding debt, $169,877.85 plus fees and expenses, and for foreclosure of the judgment. Regarding the other alleged debts, plaintiff requested a declaration that its "deed of trust is superior and paramount to the interests of the defendants in the subject property."

Answers were filed by the United States Departments of Justice and Revenue, Briarcliff, Mr. Brandan, and Bank of America. Later, the trial court entered agreed orders reflecting the agreement of the relevant parties that plaintiff's "valid first priority lien has priority over the claim of the United States with regard to the property" and that "any right, title, or interest in and to the subject property held by Georges H. Brandan, is junior, subordinate, and inferior to" plaintiff's interest. The trial court's order granting summary judgment recounts the following further procedural history:

> Reginald Hall filed a response entitled "Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment" in March of 2018. No motion for summary judgment was pending at that time.
>
> Plaintiff served request for admissions on Reginald Hall on April 6, 2018. No responses were filed or served.
>
> A restraining order was entered on May 17, 2018.
>
> Plaintiff filed a motion to deem requests admitted on May 21, 2018. No response was filed or served.
>
> Plaintiff filed a motion for summary judgment on May 25, 2018.
>
> Reginald Hall filed a motion to dismiss on June 4, 2018.
>
> A hearing on the pending motions was held on June 11, 2018.

(Paragraph numbering in original omitted). Several of the documents referenced above are not included in the technical record on appeal: Mr. Hall's memorandum opposing

summary judgment and motion to dismiss, and plaintiff's request for admissions and motion to deem the matters admitted. There is no transcript of the June 11, 2018 hearing.

Only two pleadings filed by Mr. Hall are in the record. The first, filed March 21, 2018, captioned "motion for temporary relief," requests the trial court to "stop foreclosure sale of property at 22 Rivers Run Way, Oak Ridge, Tennessee set for March 29, 2018." The trial court issued a restraining order on May 17, 2018, stating as follows:

> This cause came on to be heard this day, and it appearing from the sworn complaint that the rights of the plaintiff(s) are being or will be violated by the defendant(s) and that the plaintiff will suffer immediate and irreparable injury, loss or damage before notice can be served and a hearing had on the application for a Restraining Order:
>
> It is therefore, ORDERED that, . . . the defendant(s):
>
> <u>Bank of America, N.A., Successor Trustee Attorney Robert S. Coleman, and Marinsoci Law Group, PC,</u>
>
> Are restrained, pursuant to Rule 65.03, Tennessee Rules of Civil Procedure, from (1) Selling Improved Property known as: 22 Rivers Run Way, Oak Ridge, Tennessee 37830 to any third party; (2) Eviction Action against Property Tenants, Collection of any rents, Assignment of Rents, rights to Possession; liens on the property which have priority over the Deed of Trust; (3) Successor Deed of Trusts registered on public record needs to be stricken to remove cloud on title preventing plaintiff pledge of asset collateral for debt refinance.

(Underlining in original).

On May 14, 2018, Mr. Hall filed a "motion for temporary restraining order and injunctive relief," alleging, in pertinent part, as follows:

> Comes now, Reginald Hall, pro se, . . . requesting temporary restraining order and injunctive relief against Bank of America, N.A. . . . for wrongful foreclosure sale of [the] property.

-3-

Bank of America, N.A. and Robert S. Coleman, Jr., and Marinosci Law Group, PC conducted a wron[g]ful foreclosure sale of [the] property . . . on April 26, 2018. Property was purchased for the unfair sum of . . . $42,530.31. Borrowers were not given notice of time and date of sale. Reginald Hall attempted to enjoin Bank of America in court filing with court on March 21, 2018. Bank of America did not show up for hearing. No date and time of sale was given to allow bonafided [*sic*] borrowers opportunity to purchase property.

Said property . . . is the homestead of Reginald Hall and family. Property has fair market value of . . . $460,000.

Borrowers, Reginald Hall and Rhonda Hall, filed motion in Anderson County Court on March 21, 2018 to enjoin Bank of America, N.A. and to stop . . . successor trustee's sale to be held on March 29, 2018. Hearing was set for April 16, 2018.

Borrower, Reginald Hall sent notice to Wilson & Associates, P.L.L.C. and Marinosci Law Group, PC.

Reginald Hall went to Anderson County Court on March 29, 2018 and observed sale of [the] property had been postponed.

Bank of America, N.A. nor [plaintiff] . . . did not appear in court for hearing on April 16, 2018. Only Reginald Hall appeared in court for hearing.

Honorable Judge reset notice of hearing to April 16, 2018.

Sale was done without notice so that bonafied [*sic*] buyers did not have opportunity to bid. . . .

No notice of default was given to borrowers so borrowers have opportunity to refinance debt with other lenders controversy (accounting errors) over amount owed. Bank of America loan is 2nd lien against mortgage and should have been retired by payment made to Bank of America home loan servicing on March 4, 2011 in amount of $43,589.76.

If default occurred in March 2011, Bank of America, N.A. action would be time-barred by statute of limitations (six years in Tennessee) since no payments have been made on this loan since March 2011.

Deficient notice of intent to sale property, borrowers learned of sale on 19th March 2018 and filed motion to stop on 21st March with honorable court. Note: the certified mail . . . on Marinosci Law Group letter shows notice was not delivered to borrower but returned to sender on April 3, 2018 11:33 AM.

No notice given borrowers on time and sale occurring on April 26, 2018.

No notice of acceleration was given to borrowers.

No production of original note to prove right to bring foreclosure action and prevent wrongful action by another party.

Bank of America 2nd lien interest should already be terminated as of March 4, 2011.

[Plaintiff] claims 1st lien interest.

Bank of America sent borrower notice to vacate property on Friday 11 May 2018.

(Capitalization, bold font, underlining, citations to attached exhibits, and paragraph numbering in original omitted). Attached as an exhibit to Mr. Hall's motion is a successor trustee's deed indicating that a foreclosure sale of the property by auction did in fact take place on April 26, 2018.

## II.

As this Court has recently reiterated,

Importantly, this Court's jurisdiction in appeals as of right extends only to final judgments. Tenn. R. App. P. 3(a). *But cf.* Tenn. R. App. 9 (governing discretionary interlocutory

appeals for which no final judgment is necessary); Tenn. R. App. 10 (discussing discretionary extraordinary appeals for which no final judgment is necessary). A final judgment for purposes of Rule 3 is one that " 'decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.' " *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting *Saunders v. Metropolitan Gov't of Nashville & Davidson County*, 214 Tenn. 703, 383 S.W.2d 28, 31 (Tenn. 1964)).

*Gunn v. Jefferson Cnty. Econ. Dev. Oversight Committee, Inc.*, 578 S.W.3d 462, 464-65 (Tenn. Ct. App. 2019). The Supreme Court has provided the following further guidance:

> To analyze whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims. An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal.

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

### III.

Examining the substance of Mr. Hall's motion, we are of the opinion that he fairly raised a wrongful foreclosure claim challenging the propriety and efficacy of the April 26, 2018 sale of his homestead. As far as this record shows, the sale was done in violation of the trial court's restraining order. The trial court's summary judgment order, entered September 24, 2018, does not address or resolve the issues raised by Mr. Hall. It states only that "[t]he restraining order entered herein is rescinded and vacated." As plaintiff points out, the trial court did not designate its order as a final judgment pursuant to Tenn. R. Civ. P. 54.02, which provides that

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and

-6-

direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Because the appeal in this case is not from a final judgment, we dismiss it for lack of jurisdiction.

During the pendency of this appeal, the debt to plaintiff was paid in full. At oral argument, plaintiff's counsel confirmed that it was paid by Bank of America. Plaintiff filed a motion requesting this Court to dismiss this appeal as moot and direct the trial court to dismiss its action. On remand, the trial court may address the mootness issue and plaintiff's request for dismissal.

**IV.**

The appeal is dismissed for lack of subject matter jurisdiction. Costs on appeal are assessed to the appellant, Reginald Hall. Case remanded for further proceedings.

_____
CHARLES D. SUSANO, JR., JUDGE