FILED

07/15/2021

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 9, 2021

## SULLIVAN COUNTY ET AL. v. PURDUE PHARMA, L.P., ET AL.

**Appeal from the Circuit Court for Sullivan County**
No. C41916-C      E. G. Moody, Chancellor
_____

### No. E2021-00479-COA-R3-CV
_____

Having determined that the amount of attorney's fees awarded and possible further sanctions remain pending in this action, we further determine that the order appealed from does not constitute a final appealable judgment. Therefore, this Court lacks subject matter jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Brigid M. Carpenter, Samuel Lanier Felker, and Gary Clark Shockley, Nashville, Tennessee; Ronald S. Range, Jr., and Chad E. Wallace, Johnson City, Tennessee; and Kristine Leporati Roberts, Memphis, Tennessee, for the appellants, Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc.

Michael J. Wall; James Gerard Stranch, III; James Gerard Stranch, IV; Joey P. Leniski, Jr.; Tricia Herzfeld; and Benjamin A. Gastel, Nashville, Tennessee; William C. Killian, Chattanooga, Tennessee; and Timothy Aaron Housholder; Bradley H. Hodge; and L. Jeffrey Hagood, Knoxville, Tennessee, for the appellees, Bluff City, Tennessee; District Attorney General – 1st Judicial District; District Attorney General – 2nd Judicial District; District Attorney General – 3rd Judicial District; and Sullivan County, Tennessee.

Michael J. Wall and James Gerard Stranch, III, Nashville, Tennessee, for the appellees, Carter County, Tennessee; City of Elizabethton; City of Kingsport; City of Morristown; City of Watauga; Baby Doe; Erwin, Tennessee; Greene County, Tennessee; Hamblen County, Tennessee; Hancock County, Tennessee; Hawkins County, Tennessee; Johnson County, Tennessee; Mount Carmel, Tennessee; Sneedville, Tennessee; Surgoinsville, Tennessee; Town of Jonesborough, Tennessee; Tusculum, Tennessee; Unicoi County, Tennessee; Unicoi, Tennessee; and Washington County.

William J. Harbison, II; Aubrey B. Harwell, Jr.; and James Galloway Thomas, Nashville, Tennessee, for the appellees, Purdue Pharma, Inc.; Purdue Frederick Company; and Purdue Pharmaceuticals, LP.

Jefferson Bryant Fairchild, Rogersville, Tennessee, for the appellee, Pamela Moore.

Charles Thaddeus Herndon, IV; Elizabeth Hutton; and Kenneth Justin E. Hutton, Johnson City, Tennessee, for the appellee, Abdelrahman Hassabu Mohamed.

Richard E. Ladd, Jr., Bristol, Tennessee, and Sarah Byer Miller and Jessalyn Hershinger Zeigler, Nashville, Tennessee, for the appellee, Mallinckrodt LLC.

Elizabeth Ann Campbell, Johnson City, Tennessee, pro se appellee.

Leslie Ann Bridges, for the appellee, State of Tennessee - Civil.

## MEMORANDUM OPINION[1]

Upon a review of the April 6, 2021 order appealed from, this Court directed the appellants to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie.[2] "A final judgment is one that resolves all the issues in the case, 'leaving

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The appellees filed a motion to dismiss, which this Court denied without prejudice to the appellees' ability to raise any and all issues in the motion at a later stage of this appeal if the appeal were allowed to proceed. The appellees' motion asserted, *inter alia*, that there is not yet a final judgment because the order that the appellants characterize as a contempt order is in actuality an order awarding discovery sanctions pursuant to Tennessee Rule of Civil Procedure 37.02. Rule 37.02 provides in pertinent part that if a party fails to comply with an order to provide or permit discovery, a court may enter orders including, among other things, an order "rendering a judgment by default against the disobedient party," and in lieu of the listed possible sanctions or in addition thereto may enter "an order treating as contempt of court the failure to obey . . .." Tenn. R. Civ. P. 37.02(C), (D). If the April 6, 2021 order constitutes an order awarding sanctions for discovery abuses as the appellees assert, rather than an order for contempt as the appellants assert, this Court

- 2 -

nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

To begin, we note that the April 6, 2021 order entered by the Sullivan County Circuit Court ("trial court") concerned a finding of contempt. "[A] judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor . . . ." *Moody v. Hutchinson*, 159 S.W.3d 15, 30 (Tenn. Ct. App. 2004) (quoting *State v. Green*, 689 S.W.2d 189, 190 (Tenn. Crim. App. 1984)).[3] The trial court's April 6, 2021 order, however, does not fully and finally assess punishment.

In its April 6, 2021 order, the trial court found "Endo and its counsel in contempt of Court" for discovery violations and awarded as sanctions, *inter alia*:

(1)   Plaintiffs are awarded their costs for processing the hosting documents produced by Endo after the February 14, 2020 fact discovery cutoff, along with reasonable costs and attorney's fees incurred in reviewing those documents.

\* \* \*

---

lacks jurisdiction to consider the appeal because issues remain pending in the case. The end result would be the same, in other words, this Court would lack jurisdiction to consider the appeal, regardless of whether the April 6, 2021 order is an order of contempt or an order awarding discovery sanctions. Therefore, this Court need not and will not make any determination whatsoever with regard to this issue at this time. As such, in this Opinion, we analyze the appellants' assertion that the April 6, 2021 order is an order of contempt but do not determine whether this assertion is correct.

[3] In *Moody,* attorney's fees were sought not as part of the contempt punishment, but rather pursuant to *Black v. Blount*, 938 S.W.2d 394 (Tenn. 1996), and *Ferguson v. Paycheck*, 672 S.W.2d 746 (Tenn. 1984), because the trial court had appointed counsel "to serve the court in reaching a proper resolution of questions or issues presented . . ." and because the court was allowed to "award compensation to be paid by the party or parties responsible for the situation that prompted the court to make the appointment." *Moody*, 159 S.W.3d at 30. The *Moody* Court declined to address whether attorney's fees were available as costs under Tennessee Code Annotated § 29-9-103 or as an additional form of punishment for contempt. *Id*. As such, the award of attorney's fees in *Moody* constituted a part of the proceedings out of which the contempt arose and not a part of the contempt judgment. *Id.* The award of attorney's fees in *Moody* is therefore distinguishable from the award of attorney's fees in the instant case.

(4)     Plaintiffs are awarded their costs and fees associated with all motions to compel against Endo that have been granted in whole or in part, including, specifically, the April 9, 2020 Motion for Sanctions and all proceedings concerning Endo's compliance with the Court's Contempt Order, including but not limited to, preparing and reviewing associated filings, participating in hearings, and engaging in meet and confers;

(5)     Plaintiffs are awarded their costs and fees associated with the depositions listed in **Exhibit 12** to Plaintiffs' April 9, 2020 Motion for Sanctions, whose depositions Plaintiffs took in 2018 or 2019 without the benefit of complete records.

(Footnote omitted.) Additionally, the trial court specifically stated that it "reserves further sanctions." Therefore, the trial court's April 6, 2021 order does not fully and finally award punishment because it does not award amounts for items (1), (4), and (5) listed above and because it reserves the issue of further sanctions.

The appellants responded to our show cause order but failed to demonstrate that a final judgment had been entered. Instead, the appellants assert that they "seek to appeal only the trial court's entry of the default judgment as to liability" and that "the award of fees and costs does not vitiate the finality of the separate punishment of a default judgment, . . . ." The appellants contend that because the April 6, 2021 order "fixed *some* punishments for contempt," this order ought to be immediately appealable.

The appellants seek a piecemeal approach that would allow them to appeal portions of an order that is not yet final. Furthermore, we note that in their response, the appellants first claim that they seek to appeal only the award of a default judgment. However, subsequently within their response, the appellants state that "they reserve the right to contest the amount of any fees and costs as unreasonable." These potentially contradictory statements highlight the inherent difficulties involved if piecemeal appeals were allowed. Allowing an appeal of this non-final judgment might very well result in, if not encourage, multiple appeals of the same contempt judgment. As this Court has explained: "We have previously held that in light of our disfavor of deciding piecemeal appeals, 'judicial economy alone does not justify abandoning the requirement of finality.'" *Levitt, Hamilton, & Rothstein, LLC v. Asfour*, 587 S.W.3d 1, 11 (Tenn. Ct. App. 2019) (quoting *Williams v. Tenn. Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011)).

In their response to our show cause order, the appellants posit that "*any*" order that imposes punishment for contempt should be immediately appealable. Such is not the rule. The order of contempt must itself be a final order of contempt to be appealable. In the case now before us, the trial court specifically awarded attorney's fees as punishment for

- 4 -

contempt but has not yet awarded an amount specific of those attorney's fees. As such, the order from which the appellants seek review is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); s*ee, e.g., E. Solutions for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018), *perm. app. denied* (Tenn. Aug. 9, 2018) (determining that an order directing the parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final" and holding that because the trial court did not dispose fully and finally of a claim for attorney's fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995) ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, at *1 (Tenn. Ct. App. Oct. 21, 1994) ("There is nothing in the record before us reflecting that the trial court has awarded a *specific amount* as the 'reasonable attorney's fees incurred in prosecuting' this action. . . . Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

In their response to our show cause order, the appellants incorrectly conflate attorney's fees with court costs and cite to *Bailey v. Crum*, in which this Court considered an appeal from an order that included the language, "costs shall be taxed to Respondents." *See Bailey v. Crum*, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005). As this Court explained in *Gunn v. Jefferson Cty. Econ. Dev. Oversight Comm., Inc.*, 578 S.W.3d 462, 465 (Tenn. Ct. App. 2019), unlike attorney's fees, court costs and discretionary costs are ancillary or collateral and do not impact the finality of a judgment. Because *Bailey v. Crum* involved court costs and not an award of attorney's fees, *Bailey v. Crum* is distinguishable from the instant case.

The appellants also cite to *State ex rel. Groesse v. Sumner*, 582 S.W.3d 241 (Tenn. Ct. App. 2019), a case in which the defendant filed an appeal of an order finding him in contempt. In *Groesse*, this Court entered a show cause order stating that no final judgment had been entered because the trial court had not yet awarded an amount of attorney's fees. *See Groesse*, 582 S.W.3d at 248. This Court directed the *Groesse* defendant to show cause why the appeal should not be dismissed. *Id*. The *Groesse* defendant moved for a short amount of additional time to obtain a final judgment, which this Court granted. *Id*. Shortly thereafter, the *Groesse* trial court entered an order awarding an amount certain of attorney's fees, and this Court then considered the defendant's appeal. *Id*.

In their response to our show cause order in the instant case, the appellants argue that *Groesse* is somehow not contrary to their argument that their appeal should be allowed to progress absent a final judgment.[4] The appellants predicate this argument, in part, on the fact that the show cause order in *Groesse* was phrased differently than the show cause order entered in the instant case. The appellants also base their argument on the fact that in the response to the show cause order, the *Groesse* defendant "did not invoke the numerous precedents holding that the imposition of punishment for contempt was sufficient to render a judgment final and appealable under Rule 3."

The appellants' contention is unavailing. *Groesse* involved a judgment of contempt that when initially appealed was not final due to a pending award of attorney's fees. *Groesse*, 582 S.W.3d at 248. The defendant in *Groesse* moved for an opportunity to correct the deficiency and within a short period of time obtained a final judgment awarding an amount certain of attorney's fees. *Id.* Once a final judgment, which included the amount of the award of attorney's fees, had been entered with regard to the contempt, this Court had jurisdiction to consider the appeal. *Id.* The precedent with regard to finality of judgment contained in *Groesse* goes directly against the appellants' assertion that the instant case is appealable absent a final judgment, regardless of whether orders in *Groesse* contained different language from orders in this case or whether the *Groesse* defendant chose to advance different arguments or cite to case law different from that chosen by the appellants. This argument is without merit.

In their response, the appellants also argue that the trial court's reservation of possible additional sanctions does not affect the appealability of the punishment already imposed. The appellants assert: "A court always retains the right to impose additional punishments for contempt during the course of proceedings." Citing Tennessee Code Annotated § 16-1-101 to 16-1-105 and Tennessee Code Annotated § 29-9-101 to 29-9-105, the appellants postulate that these statutes do not "expressly limit a court's power to issue subsequent penalties for contempt after it initially fixes punishment." Although it may be true that these statutes do not contain the express limitation stated, these statutes also fail to support the appellants' underlying premise. As noted above, it is not only the trial court's reservation of further punishment that renders the April 6, 2021 order non-final.

---

[4] We note that the appellants in the instant case did not move for additional time to obtain a final judgment. It is not the role of this Court to make a motion on behalf of a party. To do so would constitute practicing law on behalf of that party. As our Supreme Court has instructed: "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Finally, in their response to our show cause order, the appellants request that this Court suspend the requirement of finality pursuant to Tennessee Rule of Appellate Procedure 2. The appellants cite to several cases in which this Court has exercised this discretion. The circumstances in each of those cases, however, are distinguishable from the circumstances in the instant case. The fact that a trial date has been set in this case is insufficient to demonstrate good cause for suspending the requirement of finality. We do not find good cause to suspend the finality requirement in this case, and we decline to consider this appeal at this juncture absent a final judgment.

Because it is clear that there is no final judgment in this case, the appeal is dismissed. Costs on appeal are taxed to the appellants, Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc., for which execution may issue.

The appellants also filed a motion for a stay pursuant to Tennessee Rule of Appellate Procedure 7. Given our disposition of this appeal, the motion for a stay is rendered moot.

**PER CURIAM**